**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Case No. |
| Plaintiff, | ) ) CLASS ACTION |
| vs. | ) ) COMPLAINT FOR VIOLATION OF ) THE FEDERAL SECURITIES LAWS |
| JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, AND SHAOHUA JIA, | ) ) ) DEMAND FOR JURY TRIAL |
| Defendants. | ) ) ) ) ) |

Plaintiff ODS Capital LLC ("ODS Capital" or "Plaintiff"), by and through its counsel, alleges the following based on personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based upon the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of public statements issued by JA Solar Holdings Co., Ltd. ("JA Solar" or the "Company"), JA Solar's filings with the U.S. Securities and Exchange Commission ("SEC"), and other publicly available information.

**SUMMARY OF THE ACTION**

1.     This securities class action is brought on behalf of all former stockholders and former owners of JA Solar stock and ADS who sold shares, and were damaged thereby, during the period between December 11, 2017 and July 16, 2018, inclusive (the "Class Period"). Excluded from the Class are Defendants, members of the immediate family of Individual Defendants, any subsidiary or affiliate of JA Solar, and the directors and officers of JA Solar and

1

their families and affiliates at all relevant times, and anyone who filed a petition or pursued appraisal rights of their JA Solar stock pursuant to Cayman Law.

2.      This case concerns a scheme by JA Solar and certain of its officers and/or directors to depress the value of JA Solar's stock and ADS in order to avoid paying a fair price to JA Solar's shareholders during a transaction to take the Company private, in violation of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.  Defendants executed this scheme by failing to provide shareholders adequate disclosure of all material information related to the Merger, and making false assurances about the fair value of JA Solar's stock and ADS.  As a result, JA Solar shareholders were misled into accepting consideration from the Merger that was well below fair value for their JA Solar shares.

3.      Incorporated in 2005 under the laws of the Cayman Islands, JA Solar is purported to be one of the world's largest manufacturers of high-performance solar power products.

4.      On November 17, 2017, JA Solar and Baofang Jin ("Jin"), through his wholly-owned companies JASO Top Holdings Limited ("JASO Top"), JASO Holdings Limited ("Holdco"), JASO Parent Limited ("Parent"), and JASO Acquisition Limited ("Merger Sub," and collectively with Jin, the "Buyer Group"),  entered into an agreement and plan of merger (the "Merger").[1]  Pursuant to the Merger agreement, the Buyer Group would acquire all outstanding shares and ADS of JA Solar in an all-cash transaction valued at $1.51 per share and $7.55 per ADS[2] (the "Proposed Transaction"). The Proposed Transaction implied an equity value of the Company of approximately $362.1 million.  The Merger was authorized and approved by a

---

[1] Holdco is wholly owned by JASO Top Holdings Limited.  At the effective time of the Merger, Holdco would be beneficially owned by Mr. Jin, Topco and Jinglong Group Co., Ltd. ("Jinglong Group"), a British Virgin Islands company of which Mr. Jin is the sole director.
[2] Each ADS represents five shares of JASO ADS.

shareholder vote on March 12, 2018 during an extraordinary general meeting and became effective on July 16, 2018.

5.     Prior to the shareholder vote, Defendants (as defined herein) issued a Preliminary Proxy Statement on December 11, 2017, an Amended Proxy Statement on January 11, 2018 ("Amended Proxy Statement No. 1"), a Second Amended Proxy Statement on February 1, 2018 ("Amended Proxy Statement No. 2") (together, the "Proxy") and a Final Amended Proxy Statement on July 16, 2018, all filed with the SEC in connection with the Merger.

6.     Between November 17, 2017 and February 1, 2018, in order to convince JA Solar stockholders to vote in favor of the Merger, Defendants authorized the filing of materially false and misleading Proxy statements on a Schedule 13E-3 with the SEC, in violation of Sections 10(b) and 20(a) of the Exchange Act.  In particular, the Proxy statements contained materially deficient and misleading statements as it failed to provide all material information related to the Merger, in particular, that the Company had already made plans to relist its shares in the People's Republic of China prior to the Merger deal closing and delisting from the NASDAQ.

7.     On July 19, 2018, merely ***three days*** after the closing of the Merger, it was revealed that Qinhuangdao Tianye Tonglian Heavy Industry Co., Ltd. ("Tianye Tonglian"), a manufacturer of heavy equipment based in the People's Republic of China, would acquire JA Solar in a deal with Jingao Solar Energy, Co., Ltd, a subsidiary wholly-owned by the Jinglong Group.  Pursuant to the agreement, Tianye Tonglian would issue shares in exchange for 100% equity of JA Solar.  This deal, operating as a "backdoor listing," would allow JA Solar to return to the stock market by relisting on the Shenzhen Stock Exchange at a multiple, to the detriment of shareholders who unknowingly sold JA Solar's stock and ADS at substantially deflated values during the Class Period as part of the scheme.

8.      As a result of these material misrepresentations and omissions, JA Solar shareholders were misled into accepting consideration from the Merger that was well below fair value for their JA Solar shares.

## JURISDICTION AND VENUE

9.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

10.      Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).  During the Class Period, JA Solar's stock and ADS were listed and traded on the NASDAQ, located within this District.  In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

11.      Plaintiff ODS Capital sold JA Solar stock during the Class Period, as set forth in the certification attached hereto, and was damaged as the result of Defendants' wrongdoing as alleged in this complaint.

12.      Defendant JA Solar is incorporated under the laws of the Cayman Islands, with its principal executive offices located at Building No. 8, Noble Center, Automobile Museum East Road, Fengtai, Beijing 100070, People's Republic of China.  Prior to the Merger, the Company's stock was listed on the NASDAQ under the ticker symbol "JASO."

13.      Defendant Baofang Jin has served as the Company's Executive Chairman of the Board of Directors since July 2009, and as Chief Executive Officer since January 2013.

14.     Defendant Shaohua Jia ("Jia") has served as a member of the Board of Directors since October 2012.

15.     Defendants Jin and Jia are collectively referred to hereinafter as the "Individual Defendants."   The Individual Defendants, because of their position within the Company, possessed the power and authority to control the contents of JA Solar's reports to the SEC, press releases, and presentations to securities analysts, money portfolio managers and institutional investors, *i.e.*, the market.  Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the facts specified herein had not been disclosed to, and were being concealed from, the public, and that the representations which were being made were then materially false and/or misleading.  Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of Individual Defendants.

16.     JA Solar and Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Merger**

17.     On November 17, 2017, the Company issued a joint press release entitled "JA Solar Holdings Co., Ltd. Enters into Definitive Agreement for Going Private Transaction," announcing the Proposed Transaction.  The press release stated in relevant part:

> Pursuant to the terms of the Merger Agreement, at the effective time of the merger (the "Effective Time"), each ordinary share of the Company issued and outstanding immediately prior to the Effective Time (each a "Share") will be

cancelled and cease to exist in exchange for the right to receive $1.51 in cash without interest, and each American depositary share (each an "ADS") of the Company, representing 5 Shares, will be cancelled in exchange for the right to receive $7.55 in cash without interest, except for (a) Shares (including Shares represented by ADSs) owned by Jinglong Group Co., Ltd. ("Jinglong"), Chin Tien HUANG, Chi Fung WONG and Pak Wai WONG (together with Jinglong, the "Rollover Shareholders"), which will be rolled over in the transaction, cancelled and cease to exist without any conversion thereof or consideration paid therefor, and (b) Shares held by shareholders who have validly exercised and not effectively withdrawn or lost their rights to dissent from the merger pursuant to Section 238 of the Companies Law of the Cayman Islands (the "Dissenting Shares"), which will be cancelled and cease to exist in exchange for the right to receive the payment of fair value of the Dissenting Shares in accordance with Section 238 of the Companies Law of the Cayman Islands.

At the Effective Time, each (1) outstanding and unexercised option (each a "Company Option") to purchase Shares under the Company's share incentive plans will be cancelled, and each holder of a Company Option (other than the Rollover Shareholders) will have the right to receive an amount in cash determined by multiplying (x) the excess, if any, of $1.51 over the applicable exercise price of such Company Option by (y) the number of Shares such holder could have purchased (assuming full vesting of all options) had such holder exercised such Company Option in full immediately prior to the Effective Time, net of any applicable withholding taxes, and (2) each restricted share and each restricted share unit granted under the Company's share incentive plans shall be cancelled, and each holder thereof will have right to receive a cash amount equal to $1.51, net of any applicable withholding taxes.

The merger consideration represents a premium of 18.2% to the closing price of the Company's ADSs on June 5, 2017, the last trading day prior to the Company's announcement of its receipt of a revised "going-private" proposal, and a premium of 17.2% to the average closing price of the Company's ADSs during the 3-month period prior to its receipt of a revised "going-private" proposal.

18.     The Proposed Transaction implied a total equity value for the Company of $362.1 million.  The Merger was authorized and approved by a shareholder vote on March 12, 2018 during an extraordinary general meeting and closed on July 16, 2018.

19.     On July 19, 2018, merely three days after the closing of the Merger, it was revealed that Tianye Tonglian would acquire JA Solar in a deal with Jingao Solar Energy, Co., Ltd, a subsidiary wholly-owned by the Jinglong Group, in a restricting deal that would constitute

a backdoor listing.  Also known as a reverse takeover, reverse merger or reverse initial public offering, a backdoor listing allows a privately held company to gain inclusion onto a stock exchange without having to meet the criteria for listing, and thus avoiding a public offering route.  The private partner, the surviving public entity, is then able to relist its shares at a premium.

**Defendants' Materially False and Misleading Statements**

20.     On December 11, 2017, JA Solar filed a Schedule 13E-3 containing a Preliminary Proxy Statement with the SEC in connection with the Merger, attached as Exhibit 99 to Form SC 13E-3.  The Preliminary Proxy Statement described the Company's plans  following the Merger, stating that there were "no present plans or proposals" involving changes to the Company's structure:

> If the Merger is completed, the Company will continue its operations as a privately held company and will be wholly owned by the Buyer Group and, as a result of the Merger, the American depositary shares ("ADSs"), each representing five Shares, will no longer be listed on the NASDAQ Stock Market LLC ("NASDAQ")
>
> ***
>
> After the Effective Time, the Buyer Group anticipates that the Company's operations will be conducted substantially as they are currently being conducted, except that the Company will cease to be a publicly traded company and will instead be a wholly owned subsidiary of Parent, which itself is wholly owned by Holdco.
>
> ***
>
> The Buyer Group decided to undertake the going-private transaction at this time because it wants to take advantage of the benefits of the Company being a privately held company as described above and because the Buyer Group was able to secure sufficient equity and debt financing in connection with the Merger.
>
> ***
>
> Other than as described in this proxy statement and transactions already under consideration by the Company, **there are no present plans or proposals that relate to or would result in an extraordinary corporate transaction involving the Company's corporate structure**, business, or management, such as a Merger, reorganization, liquidation, relocation of any material operations, or sale or transfer of a material amount of assets.

The Preliminary Proxy Statement further stated that one of the primary detriments of the Merger to the Buyer Group would involve "an equity investment in the Surviving Company by the Buyer Group following the Merger will involve substantial risk resulting from the limited liquidity of such an investment; and" adding that "**following the Merger, there will be no trading market for the Surviving Company's equity securities**."

21.     On January 11, 2018, the Company filed an amendment to the Preliminary Proxy Statement on Form SC 13-E3/A with the SEC, where the Company reiterated that there were "no present plans or proposals" related to the Company's corporate structure following the Merger, stating:

> Other than as described in this proxy statement and transactions already under consideration by the Company, **there are no present plans or proposals that relate to or would result in an extraordinary corporate transaction involving the Company's corporate structure**, business, or management, such as a Merger, reorganization, liquidation, relocation of any material operations, or sale or transfer of a material amount of assets. However, the Buyer Group will continue to evaluate the Company's entire business and operations from time to time, and may propose or develop plans and proposals which they consider to be in the best interests of the Company and its equity holders, including the disposition or acquisition of material assets, alliances, joint ventures, and other forms of cooperation with third parties or other extraordinary transactions, including the possibility of relisting the Company or a substantial part of its business on another internationally recognized stock exchange. Following the Effective Time, Holdco expects that it or an affiliate of Holdco will adopt one or more share-based compensation plans for certain employees and officers of the Company, including Mr. Jin. At this time, no actual agreement or understanding as to the particulars of such plans has been determined or agreed upon.

22.     On February 1, 2018, the Company filed a second amendment to the Preliminary Proxy Statement on Form SC 13-E3/A with the SEC, which again reiterated that there were "no plans or proposals" related to the Company's corporate structure following the Merger, stating relevant part:

> Other than as described in this proxy statement and transactions already under

consideration by the Company, **there are no present plans or proposals that relate to or would result in an extraordinary corporate transaction involving the Company's corporate structure**, business, or management, such as a Merger, reorganization, liquidation, relocation of any material operations, or sale or transfer of a material amount of assets.

23.      On July 16, 2018, the Company filed a final amendment to the Preliminary Proxy Statement on Form SC 13-E3/A with the SEC, to report the results of the Merger, stating in relevant part:

> **As a result of the Merger, the ADSs of the Company will no longer be listed on any securities exchange or quotation system,** including The Nasdaq Stock Market. In addition, 90 days after the filing of Form 25 in connection with the Transactions, or such shorter period as may be determined by the SEC, the deregistration of the ADSs of the Company and the Shares underlying them will become effective and the reporting obligations of the Company under the Exchange Act will be terminated. The Company intends to suspend its reporting obligations under the Exchange Act by filing a certification and notice on Form 15 with the SEC. The Company's reporting obligations under the Exchange Act will be suspended immediately as of the filing date of the Form 15 and will terminate once the deregistration becomes effective.

24.      The statements contained in ¶¶ 20-23 were materially false and/or misleading when made because  Defendants failed to disclose: (1) that the Company's Proxy materials misrepresented and/or omitted material information that was necessary for Company shareholders to make an informed decision concerning whether to vote in favor of the Merger; (2)  that contrary to the representations in the Proxy, the Company already had plans to relist its shares in China prior to closing the Merger and its delisting from the NASDAQ; and (3) as a result, the Company's statements about its business, operations, and prospects lacked a reasonable basis.

25.      Contrary to the Company's repeated reassurances about no substantial changes to its structures or relisting following the Merger, only a few days after its delisting from the NASDAQ, it was announced that the now controller of JA Solar had signed an "Important Assets

Reorganization Intention Agreement" with Chinese-based company Tianye Tolian for the purchase of 100 percent equity of JA Solar via issuance of shares. This deal, operating as a "backdoor listing," would allow JA Solar to return to the stock market by relisting on the Shenzhen Stock Exchange at a multiple, to the detriment of shareholders who unknowingly sold JA Solar's stock and ADS at substantially deflated values during the Class Period as part of the scheme.

## ADDITIONAL SCIENTER ALLEGATIONS

26.    During the Class Period, as alleged herein, Defendants acted with scienter in that Defendants knew or were reckless as to whether the public documents and statements issued or disseminated in the name of the Company during the Class Period were materially false and misleading; knew or were reckless as to whether such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.

27.    The Defendants permitted JA Solar to release these false and misleading statements and failed to file the necessary corrective disclosures, which artificially affected the value of the Company's stock and ADS.

28.    As set forth herein, Defendants, by virtue of their receipt of information reflecting the true facts regarding JA Solar, their control over, receipt, and/or modification of JA Solar's allegedly materially misleading statements and omissions, and/or their positions with the Company that made them privy to confidential information concerning JA Solar, participated in the fraudulent scheme alleged herein.

29.    The Defendants are liable as participants in a fraudulent scheme and course of conduct that operated as a fraud or deceit on sellers of JA Solar stock and ADS by disseminating

materially false and misleading statements and/or concealing material adverse facts.  The scheme deceived the investing public regarding JA Solar's business, operations, and management and the intrinsic value of JA Solar stock and ADS and caused Plaintiff and members of the Class to sell JA Solar stock and ADS at artificially deflated prices.

## LOSS CAUSATION/ECONOMIC LOSS

30.     During the Class Period, as detailed herein, Defendants engaged in a scheme to deceive the market and a course of conduct that artificially deflated the price of JA Solar's stock and ADS and operated a fraud or deceit on Class members by failing to disclose and misrepresenting the facts detailed herein.  This course of conduct misled the Class members and caused them, in reliance on the misrepresentations and on the market price of JA Solar's stock and ADS during the Class Period, to sell their shares at a depressed price.  As a result of their sale of JA Solar stock and ADS during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET

31.     Plaintiff is entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the claims asserted herein against Defendants are predicated upon omissions of material fact which there was a duty to disclose.

32.     Plaintiff is also entitled to rely upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a)     Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b)     the omissions and misrepresentations were material;

(c)     the Company's stock traded in an efficient market;

(d)    the misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's stock; and

(e)    Plaintiff and other members of the Class purchased JA Solar stock and ADS between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

33.    At all relevant times, the markets for JA Solar stock and ADS were efficient for the following reasons, among others:

(a)    as a regulated issuer, JA Solar filed periodic public reports with the SEC;

(b)    JA Solar regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the major news wire services and through other wide-ranging public disclosures, such as communications with the financial press, securities analysts, and other similar reporting services;

(c)    JA Solar was followed by several securities analysts employed by major brokerage firm(s) who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firm(s) and that were publicly available and entered the public marketplace; and

(d)    JA Solar stock and ADS was actively traded in an efficient market, namely the NASDAQ, under the ticker symbol "JASO."

34.    As a result of the foregoing, the market for JA Solar stock and ADS promptly digested current information regarding JA Solar from publicly available sources and reflected such information in JA Solar's stock price.  Under these circumstances, all sellers of JA Solar stock and ADS during the Class Period suffered similar injury through their sale of JA Solar stock and ADS at artificially deflated prices and the presumption of reliance applies.

## NO SAFE HARBOR

35.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions.  In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.  In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements were made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of JA Solar who knew that the statement was false when made.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all former stockholders and former owners of JA Solar stock and ADS who sold shares, and were damaged thereby, during the period between December 11, 2017 and July 16, 2018, inclusive (the "Class").  Excluded from the Class are Defendants, members of the immediate family of Individual Defendants, any subsidiary or affiliate of JA Solar, and the directors and officers of JA Solar and their families and affiliates at all relevant times, and anyone who filed a petition or pursued appraisal rights of their JA Solar stock pursuant to Cayman Law.

37.     The members of the Class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

38.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

(a)     Whether the Exchange Act was violated by Defendants;

(b)     Whether Defendants omitted and/or misrepresented material facts;

(c)     Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)     Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

(e)     Whether the price of JA Solar stock and ADS was artificially deflated; and

(f)     The extent of damage sustained by Class members and the appropriate measure of damages.

39.     Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct.

40.     Plaintiff will adequately protect the interests of the Class and has retained counsel experienced in securities class action litigation.  Plaintiff has no interests that conflict with those of the Class.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### COUNT I
### For Violation of Section 10(b) of the Exchange Act
### and Rule 10b-5 Against All Defendants

42.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43.     During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

44.     Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 in that they:

      (a)     Employed devices, schemes, and artifices to defraud;

      (b)     Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their sale of JA Solar stock and ADS during the Class Period.

45.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they sold JA Solar stock and ADS at artificially deflated prices. Plaintiff and the Class would not have sold JA Solar stock and ADS at the prices they did, or at all, if they had been aware that the market prices had been artificially and falsely deflated by Defendants' misleading statements.

46.     As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their sale of JA Solar stock and ADS during the Class Period.

## COUNT  II
### For Violation of Section 20(a) of the Exchange Act
### Against Individual Defendants

47.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of JA Solar within the meaning of Section 20(a) of the Exchange Act.  By virtue of their positions and their power to control public statements about JA Solar, Individual Defendants had the power and ability to control the actions of JA Solar and its employees.  By reason of such conduct, Defendants are liable pursuant to Section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Declaring this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23;

B.     Awarding Plaintiff and the members of the Class damages and interest;

C.     Awarding Plaintiff's reasonable costs, including attorneys' fees; and

D.     Awarding such equitable/injunctive or other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  December 20, 2018                    **LABATON SUCHAROW LLP**

                                                             */s/ Christopher J. Keller*
                                                            Christopher J. Keller
                                                            Eric J. Belfi
                                                            Francis P. McConville
                                                            Hui M. Chang
                                                            140 Broadway
                                                            New York, New York 10005
                                                            Telephone: (212) 907-0700
                                                            Facsimile: (212) 818-0477
                                                            ckeller@labaton.com
                                                            ebelfi@labaton.com
                                                            fmcconville@labaton.com
                                                            hchang@labaton.com

                                                            *Attorneys for Plaintiff ODS Capital LLC*

## **CERTIFICATION**

I, Hilary Shane, as Managing Member of ODS Capital LLC ("ODS Capital"), hereby certify as follows:

1.       I am duly authorized to institute legal action on ODS Capital's behalf, including legal action against JA Solar Holdings Co., Ltd. ("JA Solar") and the other defendants.  I have reviewed a complaint prepared against JA Solar alleging violations of the federal securities laws;

2.       ODS Capital did not transact in the common stock of JA Solar at the direction of counsel or in order to participate in any private action under the federal securities laws;

3.       ODS Capital is willing to serve as a lead plaintiff and representative party in this matter, including providing testimony at deposition and trial, if necessary;

4.       ODS Capital's transactions in JA Solar common stock are reflected in Exhibit A attached hereto;

5.       ODS Capital sought to serve as a lead plaintiff in the following class actions filed under the federal securities laws during the last three years:

> *Gingello v. Patriot National, Inc.*, No. 1:17-cv-1866 (S.D.N.Y.)
> *In re Diamond Resorts International, Inc. Securities Litigation*, No. 2:18-cv-1355 (D. Nev.)

6.       Beyond its pro rata share of any recovery, ODS Capital will not accept payment for serving as a lead plaintiff and representative party on behalf of the Class, except the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct this 11 day of December, 2018.

_____
Hilary Shane
*Managing Member*
*ODS Capital LLC*

# EXHIBIT A

## TRANSACTIONS JA SOLAR HOLDINGS CO., LTD.

| Transaction Type | Trade Date | Quantity | Price | Cost/Proceeds |
|---|---|---|---|---|
| Buy | 1/12/2018 | 8,000 | $7.37 | ($58,940.00) |
| Buy | 1/16/2018 | 6,000 | $7.43 | ($44,576.40) |
| Buy | 1/17/2018 | 1,100 | $7.42 | ($8,162.00) |
| Buy | 1/26/2018 | 2,000 | $7.36 | ($14,720.00) |
| Buy | 1/30/2018 | 2,000 | $7.40 | ($14,799.40) |
| Sell | 2/1/2018 | -22,900 | $7.56 | $173,053.01 |
| Buy | 2/1/2018 | 3,800 | $7.55 | ($28,690.00) |
| Sell | 2/7/2018 | -2,000 | $7.00 | $14,000.00 |
| Buy | 2/8/2018 | 10,000 | $7.62 | ($76,191.00) |
| Sell | 2/9/2018 | -6,100 | $7.50 | $45,750.00 |
| Buy | 2/9/2018 | 42,998 | $7.44 | ($320,029.81) |
| Sell | 2/15/2018 | -21,000 | $7.36 | $154,570.50 |
| Sell | 2/16/2018 | -8,000 | $7.00 | $56,000.00 |
| Sell | 3/16/2018 | -5,000 | $7.02 | $35,116.50 |
| Sell | 3/16/2018 | -5,352 | $6.96 | $37,274.00 |
| Buy | 3/19/2018 | 6,000 | $6.92 | ($41,539.80) |
| Sell | 3/23/2018 | -3,000 | $6.66 | $19,980.00 |
| Sell | 3/26/2018 | -4,000 | $6.53 | $26,123.20 |
| Buy | 3/29/2018 | 20,000 | $6.54 | ($130,832.00) |
| Buy | 3/29/2018 | 58,600 | $6.43 | ($376,985.52) |
| Buy | 4/2/2018 | 23,052 | $6.74 | ($155,382.01) |
| Buy | 4/3/2018 | 181,008 | $7.09 | ($1,283,364.82) |
| Buy | 4/3/2018 | 20,000 | $7.28 | ($145,538.00) |
| Buy | 4/4/2018 | 64,570 | $7.14 | ($461,075.00) |
| Buy | 4/4/2018 | 55,495 | $7.13 | ($395,529.51) |
| Buy | 4/5/2018 | 34,900 | $7.10 | ($247,922.62) |
| Buy | 4/5/2018 | 28,816 | $7.11 | ($204,818.36) |
| Buy | 4/6/2018 | 8,000 | $7.10 | ($56,806.40) |
| Buy | 4/9/2018 | 4,787 | $6.93 | ($33,185.88) |
| Buy | 4/10/2018 | 21,503 | $7.03 | ($151,065.03) |
| Buy | 4/11/2018 | 42,100 | $6.99 | ($294,392.67) |
| Buy | 4/12/2018 | 6,700 | $7.00 | ($46,897.99) |
| Buy | 4/13/2018 | 21,967 | $7.00 | ($153,775.59) |
| Buy | 4/16/2018 | 6,000 | $6.99 | ($41,940.00) |
| Buy | 4/17/2018 | 15,234 | $6.95 | ($105,851.93) |
| Buy | 4/19/2018 | 4,000 | $6.94 | ($27,740.00) |
| Buy | 4/24/2018 | 4,900 | $6.78 | ($33,221.51) |
| Buy | 4/25/2018 | 4,297 | $6.74 | ($28,972.52) |
| Buy | 4/26/2018 | 4,000 | $6.79 | ($27,160.00) |
| Buy | 4/27/2018 | 4,000 | $6.80 | ($27,199.60) |

| Transaction Type | Trade Date | Quantity | Price | Cost/Proceeds |
|---|---|---|---|---|
| Buy | 4/30/2018 | 54,271 | $6.91 | ($375,012.61) |
| Buy | 5/1/2018 | 6,000 | $7.15 | ($42,900.00) |
| Buy | 5/2/2018 | 3,100 | $6.94 | ($21,510.90) |
| Buy | 5/3/2018 | 100 | $6.97 | ($697.00) |
| Buy | 5/14/2018 | 10,000 | $7.20 | ($72,049.00) |
| Buy | 5/17/2018 | 1,675 | $7.16 | ($11,992.50) |
| Buy | 5/21/2018 | 2,000 | $7.16 | ($14,315.60) |
| Buy | 5/21/2018 | 1,403 | $7.20 | ($10,100.62) |
| Buy | 5/22/2018 | 29,500 | $7.18 | ($211,692.00) |
| Buy | 5/22/2018 | 17,600 | $7.14 | ($125,723.84) |
| Buy | 5/23/2018 | 2,680 | $7.16 | ($19,190.41) |
| Buy | 5/24/2018 | 11,756 | $7.23 | ($84,998.23) |
| Buy | 5/30/2018 | 1,700 | $7.18 | ($12,204.81) |
| Buy | 5/30/2018 | 14,000 | $7.19 | ($100,598.40) |
| Buy | 6/1/2018 | 41,380 | $7.18 | ($297,033.92) |
| Sell | 6/4/2018 | -83,822 | $7.11 | $595,655.90 |
| Sell | 6/6/2018 | -82,651 | $7.03 | $581,317.54 |
| Sell | 6/6/2018 | -39,493 | $7.07 | $279,108.88 |
| Sell | 6/7/2018 | -9,000 | $6.96 | $62,669.70 |
| Buy | 6/7/2018 | 6,000 | $7.00 | ($42,000.00) |
| Sell | 6/8/2018 | -1,571 | $7.01 | $11,012.71 |
| Buy | 6/12/2018 | 6,000 | $7.13 | ($42,778.20) |
| Buy | 6/14/2018 | 5,000 | $7.04 | ($35,184.00) |
| Sell | 6/15/2018 | -119,928 | $6.92 | $829,673.90 |
| Buy | 6/15/2018 | 300 | $6.99 | ($2,097.00) |
| Sell | 6/18/2018 | -35,700 | $6.87 | $245,362.53 |
| Sell | 6/19/2018 | -66,630 | $6.92 | $461,259.50 |
| Sell | 6/20/2018 | -17,410 | $6.91 | $120,254.35 |
| Buy | 6/20/2018 | 2,000 | $6.91 | ($13,820.00) |
| Sell | 6/21/2018 | -18,882 | $6.86 | $129,541.85 |
| Sell | 6/22/2018 | -41,110 | $6.83 | $280,719.64 |
| Sell | 6/25/2018 | -51,076 | $6.74 | $344,007.08 |
| Buy | 6/25/2018 | 55,744 | $6.80 | ($379,014.60) |
| Buy | 6/27/2018 | 4,000 | $6.77 | ($27,065.20) |
| Sell | 6/29/2018 | -1,300 | $6.76 | $8,789.95 |
| Sell | 7/2/2018 | -4,900 | $6.75 | $33,051.97 |
| Sell | 7/3/2018 | -7,460 | $6.76 | $50,431.09 |
| Sell | 7/3/2018 | -2,000 | $6.78 | $13,560.00 |
| Sell | 7/5/2018 | -4,645 | $6.75 | $31,360.25 |
| Buy | 7/5/2018 | 5,000 | $6.78 | ($33,888.00) |
| Buy | 7/10/2018 | 2,000 | $7.42 | ($14,840.00) |
| Buy | 7/10/2018 | 1,500 | $7.42 | ($11,130.00) |
| Buy | 7/10/2018 | 173,429 | $7.36 | ($1,276,281.35) |
| Buy | 7/11/2018 | 5,668 | $7.42 | ($42,058.83) |

2

| Transaction Type | Trade Date | Quantity | Price | Cost/Proceeds |
|---|---|---|---|---|
| Buy | 7/11/2018 | 100,000 | $7.43 | ($743,000.00) |
| Buy | 7/12/2018 | 50,000 | $7.43 | ($371,500.00) |
| Exchange | 7/18/2018 | -664,703 | $0.00 | $0.00 |