UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, AND SHAOHUA JIA,<br><br>Defendants. | Case No. 1:18-cv-12083-ALC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
<u>ALTERNATIVE SERVICE</u>**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTS ....................................................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

I. THE COURT HAS DISCRETION TO AUTHORIZE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) ........................................................ 3

    A. The Proposed Methods of Alternative Service are Not Prohibited By International Agreement and Are Acceptable Methods of Alternative Service ............................................................................................................. 5

        1. Email is an Acceptable Form of Alternative Service ................................ 6

            (i) Baofang Jin. ................................................................................. 7

            (ii) Shaohua Jia. ................................................................................. 8

        2. Service by Publication is an Acceptable Form of Alternative Service ............................................................................................................. 8

    B. The Proposed Methods of Alternative Service Comport with Due Process ........... 9

II. THE COURT SHOULD AUTHORIZE SERVICE UNDER RULE 4(f)(3) .................... 11

CONCLUSION ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ackerman v. Global Vehicles U.S.A., Inc.*,
  No. 11-cv-687, 2011 WL 3847427 (E.D. Mo. Aug. 26, 2011)................................................12

*Advanced Aerofoil Techs., AG v. Todaro*,
  No. 11-cv-9505, 2012 WL 299959 (S.D.N.Y. Jan. 31, 2012) ....................................................3

*Brown v. China Integrated Energy, Inc.*,
  285 F.R.D. 560 (C.D. Cal. 2012) ............................................................................................12

*Cody v. Mello*,
  59 F.3d 13 (2d Cir. 1995)........................................................................................................11

*Dama S.P.A. v. Does*,
  No. 15-cv-4528 (VM), 2015 WL 10846737 (S.D.N.Y. June 15, 2015) ....................................6

*DeLuca v. AccessIT Grp., Inc.*,
  695 F. Supp. 2d 54 (S.D.N.Y. 2010)........................................................................................11

*Elsevier, Inc. v. Chew*,
  287 F. Supp. 3d 374 (S.D.N.Y. 2018).................................................................................6, 10

*F.T.C. v. PCCare247 Inc.*,
  No. 12-cv-7189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013)................................. 3-4, 6

*In re GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) ...............................................................................................4

*Hausler v. JP Morgan Chase Bank, N.A.*,
  141 F. Supp. 3d 248 (S.D.N.Y. 2015).......................................................................................8

*Intercontinental Indus. Corp. v. Luo*,
  No. 10-cv-4174-JST, 2011 WL 221880 (C.D. Cal. Jan. 20, 2011) ...........................................9

*Juicero, Inc. v. Itaste Co.*,
  No. 17-cv-01921-BLF, 2017 WL 3996196 (N.D. Cal. June 5, 2017) .......................................6

*LG Elecs., Inc. v. ASKO Appliances, Inc.*,
  No. 08-cv-828, 2009 WL 1811098 (D. Del. June 23, 2009) ...................................................12

*Philip Morris USA Inc. v. Veles Ltd.*,
  No. 06-cv-2988, 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007)...........................................6, 12

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .............................................................................................5, 9

*S.E.C. v. Anticevic*,
   No. 05-cv-6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ..........................4, 8, 10

*S.E.C. v. Baldassare*,
   No. 11-cv-5970, 2014 WL 2465622 (E.D.N.Y. May 29, 2014) .............................................10

*S.E.C. v. Shehyn*,
   No. 04-cv-2003 (LAP), 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008) .................................10

*S.E.C. v. Tome*,
   833 F.2d 1086 (2d Cir. 1987) ................................................................................................10

*In re Shanda Games Ltd. Sec. Litig.*,
   No. 18-CV-02463 (S.D.N.Y. Nov. 16, 2018) ..........................................................2, 4, 6, 8, 11

*Stream SICAV v. Wang*,
   989 F. Supp. 2d 264 (S.D.N.Y. 2013) ....................................................................................12

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
   312 F.R.D. 329 (S.D.N.Y. 2015) .............................................................................................6

*United States v. Estate of Machat*,
   No. 08-cv-7936 (JGK), 2009 WL 3029303 (S.D.N.Y. Sept. 21, 2009) .................................4, 8

*United States v. Lebanese Canadian Bank SAL*,
   285 F.R.D. 262 (S.D.N.Y. 2012) .............................................................................................4

*Volkswagenwerk Aktiengesellschaft, v. Schlunk*,
   486 U.S. 694 (1988) .................................................................................................................9

*Zhang v. Baidu.com Inc.*,
   932 F.R.D. 508 (S.D.N.Y. 2013) ...........................................................................................11

**Rules**

Fed. R. Civ. P. 4(f) .............................................................................................................. *passim*

iii

**PRELIMINARY STATEMENT**

This case involves securities fraud claims against a foreign company, JA Solar Holdings Co., Ltd. ("JA Solar" or the "Company"), and several individuals that served as directors and officers of the Company. The individual defendants are located abroad in the People's Republic of China ("China"). Lead Plaintiffs have successfully served Defendant JA Solar through its domestic subsidiary and registered agent JA Solar USA Inc., on February 1, 2019, in San Jose, California. *See* ECF No. 19. Defense counsel for JA Solar has stipulated to service as to JA Solar and the Court entered that stipulation on April 17, 2019. ECF No. 28.

Lead Plaintiffs now respectfully request that this Court order alternative service of the Summons and Consolidated Amended Class Action Complaint, ECF No. 32 (the "AC"), in the above-captioned action on (1) Baofang Jin, and (2) Shaohua Jia (collectively, the "Unserved Defendants"), pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure ("FRCP").

China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). Requesting service through the Hague Convention involves submitting a request to the designated "Central Authority" for China, the Chinese Ministry of Justice, and waiting for the Central Authority in China to complete service. With the assistance of an attorney who is knowledgeable in international service, Lead Plaintiffs initiated the process of serving Defendants Baofang Jin and Shaohua Jia, using addresses located by a reputable investigative firm, in China and through the Hague Convention by filing the proper papers with the Central Authority in China. Villegas Decl. ¶¶ 4-5.[1] However, Lead Plaintiffs' request was denied by the Central Authority in September of 2019. Villegas Decl. ¶ 6.

---

[1] References herein in the Villegas Decl. refer to the February 10, 2020 declaration submitted by Carol C. Villegas in support of this motion.

Moreover, as a practical matter, there can be no doubt that Defendant Jin knows about this action—as regulatory filings in China indicate he has made a commitment to bear liabilities arising from this suit.

As discussed in Section I below, the Court has discretion under Rule 4(f)(3) to permit the proposed alternative service and the federal rules do not express any preference between service through Rule 4(f)(1) (which governs service through the Hague Convention) and Rule 4(f)(3) (which governs service through other means). The decision to allow the proposed service under Rule 4(f)(3) is up to the sound discretion of the Court. As discussed in Section II below, Lead Plaintiffs respectfully submit that circumstances of this action present a situation where the Court should exercise its discretion to allow the proposed methods of alternative service.

Both Unserved Defendants can be reached directly by email. Email is commonly accepted as alternative service pursuant to Rule 4(f)(3). As described in Section I(A)(1)-(2) below, this means of contact is reasonably determined to be accurate and reasonably determined to lead to the receipt of the message by the addressee. Therefore, Lead Plaintiffs request that the Court authorize service by email for the two Unserved Defendants. Lead Plaintiffs also request that the Court authorize service by publication, which is also an acceptable method of alternative service pursuant to Rule 4(f)(3).

This Court recently granted alternative service in another matter involving Chinese residents who managed and directed a former NASDAQ listed Company. *See In re Shanda Games Ltd. Sec. Litig.*, No. 18-CV-02463, ECF No. 37 (S.D.N.Y. Nov. 16, 2018) (Carter, J.) (cited as "*Shanda*"). The present action presents at least as strong a case for alternative service.

## FACTS

As alleged in the AC, the claims against the Defendants, including the Unserved Defendants, arise out of a common scheme to defraud JA Solar's shareholders by depressing the

value of JA Solar's stock and ADS in order to avoid paying a fair price to JA Solar's shareholders during a transaction to take the Company private.  *See* AC ¶ 1.  Further, it is alleged that Defendant Jin was a primary beneficiary of the alleged wrongdoing, which provided him with wrongful profits of at least $440 million.  AC ¶ 29.  On February 1, 2019, Lead Plaintiffs properly served Defendant JA Solar.  *See* ECF No. 19.

With the assistance of Aaron D. Lukken, Esq. of Vikings Advocates, LLC, an individual experienced in international service, Lead Plaintiffs followed the proper procedure to initiate service of the Defendants through the Hague Convention.  Villegas Decl. ¶ 5.  The Central Authority has since notified Lead Plaintiff that the service request has not succeeded.  The reason given on the denial paper is: "no such person at the address provided."  Villegas Decl. ¶ 6.

## ARGUMENT

### I.  THE COURT HAS DISCRETION TO AUTHORIZE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

Rule 4(f)(1) and Rule 4(f)(3) are two equally acceptable options that may be used to complete service of process under the Federal Rules of Civil Procedure.  Subsection (1) allows service through an internationally agreed upon means, such as the Hague Convention.  Subsection (3) allows service through "other means not prohibited by international agreement, as the court orders."  Despite Rule 4(f)(3) frequently being referred to as "alternative service," this label is slightly misleading, as Rule 4(f)(3) is not a lesser-alternative to subsection (1).  This Court has recognized that there is "no hierarchy among the subsections in Rule 4(f)."  *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-cv-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (Carter, J.).  Alternative service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant."  *F.T.C. v. PCCare247 Inc.*, No. 12-cv-7189 (PAE), 2013 WL

841037, at *2 (S.D.N.Y. Mar. 7, 2013) (internal quotations and citations omitted).  The decision to order service through some means other than the Hague Convention is "committed to the sound discretion of the district court."  *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (internal quotations and citations omitted).

For example, in *Shanda* this Court recently permitted plaintiff to serve individual defendants, located in the People's Republic of China, "either via e-mail or via publication or both," after the plaintiff therein had attempted alternative service through the Hague, but before that process was totally exhausted.  *Shanda*, at 1.

Lead Plaintiffs have satisfied all possible standards for service under Rule 4(f)(3) that courts in this Circuit apply.  Some courts, in exercising their discretion, have imposed certain requirements on parties seeking to use Rule 4(f)(3), in order to discourage parties from "whimsically seeking alternate means of service and thereby increasing the workload of the courts."  *In re GLG Life Tech Corp. Sec. Litig.,* 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting *Ryan v. Brunswick Corp.*, No. 02-cv-0133, 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)).  However, other courts in this Circuit have adopted a reasoned case-by-case approach to reviewing Rule 4(f)(3) motions, out of a recognition that "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention." *Id*; *see also S.E.C. v. Anticevic*, No. 05-cv-6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3).").

Here, Lead Plaintiffs have attempted service through the Hague Convention and such service has not succeeded.  Thus, the split in authority regarding pre-requirements is no

4

impendent to the request for Rule 4(f)(3) service here. In any event, this attempted service, dispositively mitigates the concern of "whimsically seeking alternative service." Additionally, the action against JA Solar will proceed regardless of whether the Unserved Defendants are served and thereby the concerns regarding "increasing the workload of the courts" is of little application.

Two remaining considerations constrain the use of Rule 4(f)(3) in certain situations – specifically (1) the proposed method of alternative service must not be prohibited by international agreement, and (2) the proposed method must comport with due process. However, as discussed in Sections I(A)-(B) below, neither of these considerations weigh against allowing the proposed service in the instant action.

### A. The Proposed Methods of Alternative Service are Not Prohibited By International Agreement and Are Acceptable Methods of Alternative Service

The proposed alternative service must not be "prohibited by international agreement." FRCP 4(f)(3). While, the Second Circuit Court of Appeals has not directly addressed the use of Rule 4(f)(3), the Ninth Circuit Court of Appeals succinctly explained this requirement, stating that it is "obvious from its plain language" that the rule allows service that is "(1) directed by the court; and (2) not prohibited by international agreement," and that there are "[n]o other limitations . . . evident from the text." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished" regardless of the foreign country's internal rules for service). The proposed service – service by email and service by publication – is not prohibited by any international agreement. Indeed, the Unserved Defendants are located in China, which is a signatory to the Hague Convention. Nothing in the Hague Convention nor any other agreement prohibits the alternative service proposed here.

### 1.     Email is an Acceptable Form of Alternative Service

Lead Plaintiffs propose serving (1) Baofang Jin and (2) Shaohua Jia by emails that are reasonably determined to lead to the receipt of the message by the addressee.  While China objects to service by postal mail, courts in this circuit routinely permit service of China-based defendants using email.  *See, e.g.*, *Shanda*, at 1 (permitting service of China-based defendants through Rule 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (same); *Elsevier, Inc. v. Chew*, 287 F. Supp. 3d 374, 379–80 (S.D.N.Y. 2018) (same); *Dama S.P.A. v. Does*, No. 15-cv-4528 (VM), 2015 WL 10846737, at *2 (S.D.N.Y. June 15, 2015) (same); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-cv-2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (same).

As explained by *Rio Props.*, the limits on the use of Rule 4(f)(3) are narrowly construed, and courts in this circuit have provided explanations for the disparate treatment of postal mail and electronic communication:

> China's objection to service by postal mail does not cover service by email, and these forms of communication differ in relevant respects. Email communications may be more reliable than long-distance postal communications, and the arrival of an email at its destination address may be more readily tracked.

*Sulzer Mixpac*, 312 F.R.D. at 332.  Courts regularly recognize that electronic communication is a suitable means of alternative service.  *See, e.g.*, *PCCare247*, 2013 WL 841037, at *4 ("service by email…[is] reasonably calculated to provide defendants with notice of future filings in this case"); *Juicero, Inc. v. Itaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017) (finding service through electronic messages permissible under Rule 4(f)(3)).

Lead Plaintiffs conducted an investigation to locate the best possible method of contacting the Undeserved Defendants via alternative means.  Based on its investigation, Lead

Plaintiffs propose contacting both of the Unserved Defendants through email. The message would attach the Summons and the AC, and would have the subject line:

> "OFFICIAL SERVICE OF LEGAL DOCUMENTS FOR [DEFENDANT'S NAME] IN A SUIT BEFORE THE SOUTHERN DISTRICT OF NEW YORK REGARDING JA SOLAR HOLDINGS CO., LTD."

### (i) Baofang Jin.

Defendant Baofang Jin is currently[2] the Chairman of JA Solar.[3] The JA Solar website also currently refers to the Defendant "Jin Baofang" as Chairman and CEO, and has a page dedicated to the "Address from the Chairman."[4] As recently as January 27, 2020, Defendant Jin Baofang has issued an address in his capacity as Chairman of JA Solar.[5]

The JA Solar website lists an investor relations contact address (ir@jasolar.com)[6] and it is extremely likely that service would reach Defendant Baofang if sent to this investor relations address. The website also provides the following email addresses that are also likely to result in service reaching Defendant Baofang: sales@jasolar.com; marketing@jasolar.com; and info.us@jasolar.com.[7]

**Lead Plaintiffs propose serving Baofang Jin through emails to the addresses of (1) ir@jasolar.com, (2) marketing@jasolar.com, (3) info.us@jasolar.com; and (4) sales@jasolar.com.**

---

[2] *Corporate Governance*, JASOLAR, (last visited Feb. 7, 2020), http://www.jasolar.com/index.php?m=content&c=index&a=lists&catid=378.

[3] More specifically, he is currently the Chairman of the entity doing business as "JA Solar."

[4] *Address from the Chairman*, JASOLAR, (last visited Feb. 7, 2020), http://www.jasolar.com/index.php?m=content&c=index&a=lists&catid=60.

[5] *A letter from Chairman Jin Baofang*, JASOLAR, (last visited Feb. 7, 2020), http://www.jasolar.com/index.php?m=content&c=index&a=show&catid=5&id=104.

[6] *Investor Relations*, JASOLAR, (last visited Feb. 7, 2020), http://www.jasolar.com/index.php?m=content&c=index&a=lists&catid=375.

[7] *Global Branches*, JASOLAR, (last visited Feb. 7, 2019), http://www.jasolar.com/html/en/en_gl/.

      **(ii)**      **Shaohua Jia.**

As part of his service as an independent director for a Chinese listed company called "珠海市乐通化工股份有限公司," Defendant Shaohua Jia issued a report on the fiscal year 2017, which was issued on April 25, 2018.[8] In that report, which he signed, Defendant Jia listed his contact information, including his email address as jiashaohua@263.net. Additionally, Defendant Jia's email address has been listed as jsh121@163.com and jiashaohua@hitax.gov.cn, in connection with roles at Hai Nan University, where he has been described as both "Academic Research Committee Member" and an "Instructor."[9]

**Lead Plaintiffs propose serving Shaohua Jia through emails to the jiashaohua@263.net, jsh121@163.com, and jiashaohua@hitax.gov.cn.**

      **2.**      **Service by Publication is an Acceptable Form of Alternative Service**

Lead Plaintiffs also propose serving both Unserved Defendants by publication. Courts routinely recognize that service by publication is a permissible form of alternative service under Rule 4(f)(3). *See, e.g., Shanda,* at 1 (permitting service of China-based defendants through publication in the international edition of the *New York Times*); *Anticevic*, 2009 WL 361739, at *3 ("the Court finds that service by publication fulfills the two requirements of Rule 4(f)(3), and also finds that discretionary considerations weigh in favor of permitting Plaintiff to effectuate service . . . by publication."); *United States v. Estate of Machat*, No. 08-cv-7936 (JGK), 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009) (permitting service by publication under Rule 4(f)(3)); *Hausler v. JP Morgan Chase Bank, N.A.*, 141 F. Supp. 3d 248, 252-53 (S.D.N.Y. 2015) (same). More specifically, courts have held that there is no international agreement or

---

[8] Shaohua Jia, Independent Director Report, 珠海市乐通化工股份有限公司 for Fiscal Year 2017, dated April 25, 2018.

[9] Shaohua Jia, Profile Page at Hai Nan University, (last visited Feb. 7, 2020)
http://www.hainanu.edu.cn/stm/MIB/20121026/10337615.shtml#15; Document Listing Contact Information for Graduate Student Supervision, (last visited Feb. 7, 2020) www.hainu.edu.cn/upfile/mba_20051017153662-0.doc

component of the Hague Convention that bars service by publication to reach China-based Defendants. *Intercontinental Indus. Corp. v. Luo*, No. 10-cv-4174-JST, 2011 WL 221880, at *2 (C.D. Cal. Jan. 20, 2011).

Lead Plaintiffs propose serving the Unserved Defendants by publishing a notice in *The New York Times International Edition*, which was formerly known as the *International Herald Tribune*, once per week for four successive weeks. For the year 2018, this publication reported an international print circulation of approximately 170,000[10] and the paper is delivered to subscribers in China.[11] Lead Plaintiffs propose using the following message, or to the extent that the publication requires stylistic changes, a message that is substantially similar to the following message:

> NOTICE TO BAOFANG JIN AND SHAOHUA JIA
>
> You are named as a defendant in a suit before the Southern District of New York regarding JA Solar Holdings Co., Ltd., No. 18-cv-12083. The case alleges you violated U.S. laws and seeks money damages and other relief. The complaint and summons can be found at www.labaton.com/hubfs/JASO.pdf. If you do not appear in the case or contact the plaintiff at +1-212-907-0700, a judgment may be entered against you in 21 days.

**B.     The Proposed Methods of Alternative Service Comport with Due Process**

The proposed method of alternative service must also "comport with constitutional notions of due process." *Rio Props.,* 284 F.3d at 1016. Due process requires that the method of service provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707 (1988) (internal quotations and citations omitted).

---

[10] The New York Times Co., 2018 Annual Report (Form 10-K), at 3 (Feb. 26, 2019).
[11] *Subscribe – New York Times* (last visited Feb. 7, 2020), https://subscribe.inyt.com.

As noted above, many courts in this Circuit have found that service through email and other forms of electronic communication passes Constitutional muster. *See Elsevier,* 287 F. Supp. 3d at 379 ("It is well-settled that service by email on foreign defendants meets this standard in an appropriate case."). The proposed service by email relies on sending messages to accounts that are used by the defendants to conduct their business or are used by businesses that are closely connected with Defendants – such that those messages and emails would be "reasonably calculated" to reach them.

As also noted above, many courts in this circuit have found that service through publication passes Constitutional muster. Service by publication meets this Constitutional requirement where it is "reasonably calculate[d] that the published notice is likely to come to the defendant's attention." *Anticevic*, 2009 WL 361739, at *4. The Second Circuit has expressly approved of the use of *The New York Times International Edition* (formerly known as the *International Herald Tribune*) as a means of service that is "reasonably calculated" to provide notice sufficient to satisfy the Constitutional requirement. *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987); *see also S.E.C. v. Baldassare*, No. 11-cv-5970 (ARR-VVP), 2014 WL 2465622, at *2 (E.D.N.Y. May 29, 2014) (permitting "service on the defendant by publishing notice in the *International Herald Tribune"); S.E.C. v. Shehyn*, No. 04-cv-2003 (LAP), 2008 WL 6150322, at *3 (S.D.N.Y. Nov. 26, 2008) ("Service on a defendant in a foreign country by publication of a summons and complaint in the *International Herald Tribune* once a week for four successive weeks is permissible under Rule 4(f)(3) and comports with notions of due process.").

Lead Plaintiffs seek to use the *International Herald Tribune*, under its new name *The New York Times International Edition*. The paper has a circulation of 170,000[12] and is delivered to subscribers in China.[13] This means of service is reasonably calculated to reach both Unserved Defendants, especially given that both are sophisticated business persons who served as directors of JA Solar, a multinational corporation that was traded on the NASDAQ.

## II.     THE COURT SHOULD AUTHORIZE SERVICE UNDER RULE 4(f)(3)

The Court has full discretion to allow service through the proposed means and should not treat the request as a last resort nor extraordinary relief. The Court should exercise its discretion to allow the proposed alternative service in this case, as it did recently in *Shanda*. Here, despite Lead Plaintiffs' attempt to serve through the Hague, the Central Authority denied the request. Villegas Decl. ¶¶4–6. The requested alternative service presents the best opportunity to allow Defendants to be served, so that the case may be adjudicated on the merits. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits."); *Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 568 (S.D.N.Y. 2013) (permitting party to move for alternative service "in light of the 'strong preference' for deciding cases on the merits") (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) (permitting extension for service due to "the general preference for deciding cases on the merits").

If the motion is denied, Lead Plaintiffs will be forced to renew their attempted service through the Hague. This will require additional research and investigation in an attempt to find alternative physical addresses for the Unserved Defendants. Even if successful, this would be a

---

[12] The New York Times Co., 2018 Annual Report (Form 10-K), at 3 (Feb. 26, 2019).
[13] *Subscribe – New York Times* (last visited Feb. 7, 2020), https://subscribe.inyt.com.

costly and time consuming process, that would restart the Hague process. However, courts have "'frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3).'" *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (quoting *In re GLG,* 287 F.R.D. at 266); *see also Brown v. China Integrated Energy, Inc.,* 285 F.R.D. 560, 562–66 (C.D. Cal. 2012) (ordering alternative service and noting that service of defendant under the Hague Convention would take four to six months); *Ackerman v. Glob. Vehicles U.S.A., Inc.,* No. 11-cv-687, 2011 WL 3847427, at *3 (E.D. Mo. Aug. 26, 2011) (authorizing service on defendant's counsel "so as to not further delay" the lawsuit); *LG Elecs., Inc. v. ASKO Appliances, Inc.,* No. 08-cv-828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (authorizing service on defendant's counsel "to prevent further delays in litigation").

"By design, Rule 4(f)(3) was 'adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries.'" *Philip Morris*, 2007 WL 725412, at *2 (quoting *In re Int'l Telemedia Assocs., Inc.,* 245 B.R. 713 (N.D. Ga. 2000)). The instant action alleges violations of the federal securities laws as part of a common scheme to defraud investors. Lead Plaintiffs have successfully served the Company at the center of this dispute. The Unserved Defendants were directors of the Company, participated in the conduct described in the AC, and Defendant Jin was a main benefactor of the alleged conduct. Allowing a single unified action to proceed on a timely basis would be the most fair and efficient use of judicial resources. As in *Stream SICAV*, there is "no reason to slow the progress of this case by [requiring] service through the [Hague] Convention." 989 F. Supp. 2d at 280.

Finally, Lead Plaintiffs submit that the prudence of permitting alternative service is further demonstrated by the fact that Defendant Jin already knows about the action. An August

2019 filing to a regulator in China describes a memo submitted to counsel for JA in China from Skadden (defense counsel in this action) describing this litigation. That filing then states that if JA Solar and its subsidiaries suffer any loss in connection with "any overseas action" existing before the sale of JA's assets (which is a clear reference to this action, among others), Defendant Jin has made "commitments" to "bear joint and several liabilities and reimburse to JA Solar and its subsidiaries in full." Villegas Decl. ¶ 7. Thus, Defendant Jin clearly knows about this litigation already, which knowledge further supports the conclusion that providing permission to execute alternative service is prudent and equitable.

## CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that this Court order service on the Unserved Defendants by delivery through the proposed means of alternative service described herein.

[signatures on the following page]

DATED: February 10, 2020          **LABATON SUCHAROW LLP**

*/s/ Carol C. Villegas*
Carol C. Villegas
Jake Bissell-Linsk
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: cvillegas@labaton.com
       jbissell-linsk@labaton.com

*Counsel for Co-Lead Plaintiff*
*ODS Capital LLC, and*
*Co-Lead Counsel for the Class*

**POMERANTZ LLP**

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       mgrunfeld@pomlaw.com

*Counsel for Co-Lead Plaintiff*
*Altimeo Asset Management*
*and Co-Lead Counsel for the Class*