UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ODS CAPITAL LLC, Individually and on
Behalf of All Others Similarly Situated

                Plaintiff,

                                                                     18-CV-12083 (ALC)

              - against -

                                                                        ORDER


JA SOLAR HOLDINGS CO., LTD.,
BAOFANG JIN, AND SHAOHUA JIA

                Defendants.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

       On November 30, 2020, I dismissed this action for failure to state a claim. The plaintiffs filed an appeal on December 29, 2020. On May 7, 2021, plaintiffs filed a motion under Federal Rule of Civil Procedure 60(b)(2) for relief from judgment based on newly discovered evidence and a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1. The defendants opposed on May 21. The plaintiffs filed a reply on May 28. On October 4, the plaintiffs filed a status report indicating that oral argument is scheduled in the Second Circuit for October 21. For the reasons stated below, I find that newly discovered evidence raises a substantial issue that should be considered by me before the Second Circuit decides the appeal.

       Typically,"[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L Ed. 2d 225 (1982). Since the appeal has been filed and more than 28 days have elapsed from the filing of the judgment, I cannot grant relief under Rule 60(b)(2). Federal Rule of Appellate Procedure 4(a)(4)(A). "Under Rule 62.1 of the Federal Rules of Civil Procedure, however, a district court may make an indicative ruling on a motion for relief that is otherwise barred by a pending appeal." *Akassy v. N.Y. Daily News*, 2014 U.S. LEXIS 201837 (S.D.N.Y. May 28, 2014).

Under Rule 62.1, the district court may: 1) defer considering the motion; 2) deny the motion; or 3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

In the Complaint, plaintiffs allege that the defendants intended to relist JA Solar at the time they made contrary statements in a merger proxy.  In dismissing the Complaint for failure to state a claim, I ruled that the Complaint did not plausibly allege that there was an actual, concrete plan to relist.

Following my decision, a Chinese regulatory proceeding revealed evidence relevant to Defendant Jin's possible plans to relist before the mergy proxy was issued.  The proceeding revealed that Defendant Jin was engaged in negotiations regarding relisting with Tianye, a Chinese company, beginning at the end of 2017.  JA Solar and Tianye signed a letter of intent for cooperation just one week after the date of the merger proxy, wherein the defendants claimed that the buyers had no plans to relist.

I did not have an opportunity to consider how this newly discovered evidence would bolster the plaintiffs' cause of action, possibly fending off a motion to dismiss for failure to state a claim.  This evidence raises a substantial issue regarding the plaintiffs' claims of falsity in the merger proxy, and I would consider the impact of this newly discovered evidence if the Second Circuit restored jurisdiction to this court.

Although there may still be issues regarding loss causation, I do not need to rule that the newly discovered evidence would definitively change the outcome of my decision to dismiss for failure to state a claim.  Plaintiffs' newly discovered evidence raises a "substantial issue" because even if it does not ultimately change my ruling, "it is highly relevant to the Second Circuit's consideration of falsity and loss causation." (ECF No. 91, at 7).  The newly discovered evidence raises a substantial issue that this Court should examine before the appeals court rules on the propriety of the dismissal of this action for failure to state a claim.

Plaintiff is directed to inform the United States Court of Appeals for the Second Circuit of this order pursuant to Federal Rule of Appellate Procedure 12.1.  The Clerk of Court is directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

**SO ORDERED.**

**Dated: October 15, 2021**
  **New York, New York**

   **/s/ Andrew L. Carter, Jr.**
**ANDREW L. CARTER, JR.**
**United States District Judge**