USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __8/25/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
ODS CAPITAL LLC and ALTIMEO ASSET
MANAGEMENT,

                                    Plaintiffs,                      18-cv-12083 (ALC)

      -against-                                    **OPINION AND ORDER**

JA SOLAR HOLDINGS CO. LTD ET AL.,

                                    Defendants.
---------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

       ODS Capital LLC and Altimeo Asset Management commenced this securities action on December 20, 2018 against JA Solar Holdings Co. Ltd ("JA Solar"), Baofang Jin, and Shaohua Jia ("Defendants"). On November 30, 2020, the Court granted Defendants' motion to dismiss. ECF No. 80. Plaintiffs now move for relief from judgment under Rule 60(b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants Plaintiffs' motion.

       The Court assumes familiarity with the background of this case and incorporates the factual background presented in its November 30, 2020 motion to dismiss opinion ("Order"). ECF No. 80. The Court briefly recites the factual and procedural history relevant to this motion.

       On November 30, 2020, the Court granted Defendants' motion to dismiss and the action was terminated. ECF Nos. 80 and 81. On December 29, 2020, Plaintiffs filed a notice of appeal of the decision. ECF No. 82. On March 8, 2021, the Chinese Securities Regulatory Commission ("CSRC") issued a decision regarding JA Solar's relisting. The CSRC found that "[s]ince the end of 2017," Tianye Tonglian "contacted" Defendant Jin, Solar's chief executive officer, "many times with respect to the acquisition of the all the equity of JA Solar by Tianye Tonglian." ECF No. 92-1 at 2. On February 1, 2018, JA Solar issued the Second Amended Proxy Materials. *See* Order at

1

5–6. On February 7, 2018, Tonglian and JA Solar signed a "Letter of Intent for Cooperation," which "outlin[ed] the initial intentions of the two parties on the proposed major asset restructuring transaction." ECF No. 92-1 at 2. Subsequently, "both parties continued to negotiate." *Id*. The go-private transaction of JA Solar closed on July 16, 2018, and on July 19, 2018, Tianye and JA Solar signed an agreement to acquire JA Solar. *See* ECF Order at 6, 9.

On May 7, 2021, Defendants filed the instant motion for relief from judgment and an indicative ruling based on the CSRC's decision. ECF No. 89. That motion was fully briefed on May 28, 2021. On October 15, 2021, the Court held that the newly discovered evidence raised a substantial issue that should be considered by the Court before the Second Circuit decides the appeal. ECF No. 96. On October 21, 2021, the Second Circuit granted Plaintiffs' motion for remand and remanded the matter to this Court. ECF No. 97.

Under Rule 60(b)(2) relief from judgment is granted where the movant demonstrates "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "The movant must demonstrate that [i] the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, [ii] the movant must have been justifiably ignorant of them despite due diligence, [iii] the evidence must be admissible and of such importance that it probably would have changed the outcome, and [iv] the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (internal quotation marks and citations omitted).

Defendants do not dispute the first two prongs of the *Teamsters* Rule 60(b)(2) standard. Rather, they argue that the new evidence is cumulative and would not change the Court's holdings in the Order. The Court disagrees.

The CSRC ruling provides new evidence that strengthens the inference of the existence of a plan to relist JA Solar before the February 1, 2018 proxy. In that proxy, Defendants represented there were no "present plans or proposals" to relist. Order at 16. My Order found that Plaintiffs failed to plausibly allege facts demonstrating that Defendants concealed an actual, concrete plan to relist. This newly discovered evidence changes that conclusion. Namely, the CSRC's decision revealed that Defendant Jin and Tonglian had communicated often regarding Tonglian's acquisition, that Tonglian and JA Solar signed a letter of intent outlining the proposed restructuring transaction, and that Tonglian and JA Solar continued to negotiate after the signing of the letter. At the motion to dismiss stage, this evidence provides sufficient support of Defendants' failure to disclose.

Thus, the Court holds that the newly discovered evidence warrants relief from judgment as it would "probably . . . change[] the outcome" of the Court's prior ruling on falsity. This development also affects my prior ruling on the loss causation element of Plaintiffs' claims. At the motion to dismiss stage all that is needed to satisfy the loss causation element is that "the complaint connects the Defendants' fraud with Plaintiffs' purported loss within the short and plain statement standard of Rule 8(a)." [1] *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 163 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). As I had already found that Plaintiffs failed to adequately allege that Defendants misrepresented a plan to relist, the Order's loss causation ruling did not account for Plaintiffs' arguments regarding relisting plans and proposals.

---

[1] To state their claims under Section 10(b) of the Exchange Act and Rule 10b-5, Plaintiffs must show: "(i) a material misrepresentation or omission; (ii) scienter; (iii) a connection with the purchase or sale of security; (iv) reliance by the plaintiff(s); (v) economic loss; and (vi) loss causation." *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (internal quotation marks and citations omitted). Loss causation is the "causal connection between the material misrepresentation and the loss." *Dura Pharms. Inc. v. Broudo*, 544 U.S. 336, 342 (2005).

For the reasons state herein, Plaintiffs' motion is granted. Under Rule 15, the Court "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15; *see Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991). Plaintiffs are directed to file their motion for leave to amend the complaint and a proposed amended complaint within 30 days the date of this Order. The Clerk of Court is respectfully directed to re-open the case and to close the motion at ECF No. 89.

**SO ORDERED.**

**Dated: August 25, 2022**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**