UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>        Defendants. | Case No. 1:18-cv-12083-ALC<br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A. On January 23, 2023, Lead Plaintiffs Altimeo Asset Management ("Altimeo") and ODS Capital LLC ("ODS," and, collectively with Altimeo "Co-Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and JA Solar Holdings Co., Ltd. ("JA Solar" or the "Company"), and Baofang Jin and Shaohua Jia (collectively, the "Individual Defendants" and, with JA Solar, "Defendants," and together with Co-Lead Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims

alleged in the Consolidated Amended Class Action Complaint (the "Amended Complaint"), filed on June 14, 2019, on the merits and with prejudice (the "Settlement");

B. The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C. The Parties to the Stipulation have consented to the entry of this order; and

D. All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this __4th___ day of __April_____, 2023 that:**

1. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all Persons who sold JA Solar Securities, and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, and all Persons whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants and the directors and officers of JA Solar; (iii) any person who was an officer or director of JA Solar during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv),

in their respective capacity as such. Also excluded from the Settlement Class are those Persons who or which timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.  For the avoidance of doubt, the Settlement does not provide any recovery for alleged losses in connection with any JA Solar Securities that were the subject of a valid dissent from the Merger or that were part of the appraisal actions filed in the Cayman Islands arising out the Merger.

3. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Co-Lead Plaintiffs are typical of the Settlement Class's claims;

(d) Co-Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially

identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Altimeo and ODS are preliminarily certified as Class Representatives for the Settlement Class. The law firms of Labaton Sucharow LLP and Pomerantz LLP are preliminarily appointed Class Counsel for the Settlement Class.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, ~~either in person~~ or remotely ~~at the Court's discretion, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, in Courtroom 1306, on~~ _____July 13_____, 2023, at 11:00 AM for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Co-Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Labaton Sucharow LLP and Pomerantz LLP should be finally appointed as Class Counsel for the Settlement Class;

   (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

   (e) to consider Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Co-Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

   (f) to rule upon such other matters as the Court may deem appropriate.

  6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

  7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form" and, with the Notice, the "Notice Packet"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and

constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8. The Court approves the retention of KCC Class Action Services, LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. JA Solar, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost to Co-Lead Counsel, the Settlement Class, or the Claims Administrator, within seven (7) business days of entry of this Preliminary Approval Order, its transfer agent's lists of ADS and/or ordinary share holders and sellers of record during the Class Period and those whose ADS and/or ordinary shares were cancelled or tendered in exchange for the right to receive the Merger consideration, in electronic searchable form, such as Excel, to the extent reasonably available.

9. The Claims Administrator shall use reasonable efforts to give notice to nominees such as custodians, brokerage firms and other persons and entities that held JA Solar ADS and/or ordinary shares during the Class Period, as well as JA Solar ADS and/or ordinary shares cancelled and/or tendered in exchange for the right to receive the Merger consideration, as record owners but not as beneficial owners, and/or entered into long position cash-settled equity swaps referencing JA Solar ADSs. Such nominees SHALL EITHER: (a) WITHIN TEN (10)

CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice Packet promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notice Packets from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Nominees are not authorized to print the Notice Packets for dissemination.  Notice Packets may only be printed for dissemination by the Claims Administrator. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.10 per Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Notices mailed by nominees; or $0.10 per mailing record and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

7

11. The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address

designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)   The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)   As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.   Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15. Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and e-mail address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *ODS Capital LLC v. JA Solar Holdings Co., Ltd..,* No. 18-cv-12083 (ALC) (S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of JA Solar Securities sold during the Class Period, as well as JA Solar Securities tendered or cancelled in exchange for the right to receive the Merger consideration. Requests must be submitted with documentary proof (i) of each sale transaction of JA Solar Securities during the Class Period and/or each exchange of JA Solar Securities for the merger consideration in the Merger and (ii) demonstrating the requester's status as a beneficial owner of the JA Solar Securities. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses. Any objections must state (a) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*ODS Capital LLC v. JA Solar Holdings Co., Ltd.,* No. 18-cv-12083 (ALC) (S.D.N.Y.);" (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of JA Solar Securities sold during the Class Period, as well as JA Solar Securities tendered or cancelled in exchange for the right to receive the Merger consideration. Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them, including their former or current counsel who may be entitled to compensation in connection with the objection; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

18. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Carol C. Villegas, Labaton

Sucharow LLP, 140 Broadway, New York, NY 10005, Jeremey A. Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016; and Defendants' Counsel: Skadden, Arps, Slate, Meagher & Flom LLP, Robert A. Fumerton, One Manhattan West, New York, NY 10001, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the

Settlement.  Pending final determination of whether the Settlement should be approved, Co-Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

21. As provided in the Stipulation, Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

22. All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

23. No person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Lead Counsel or Co-Lead Plaintiffs.

26. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly

provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of December 1, 2022.

27. Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Co-Lead Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been

recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this __4th____ day of April, 2023

The Court shall hold a telephonic Settlement Hearing on **Thursday, July 13 at 11:00 a.m.** The parties and the public shall contact the Court at **1-888-363-4749** (access code: 3768660).

_____
HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE