# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>Defendants. | Case No.  1:18-cv-12083-ALC<br><br>CLASS ACTION |

**DECLARATION OF LANCE CAVALLO REGARDING
(A) MAILING OF NOTICE AND CLAIM FORM; (B) PUBLICATION OF
SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION
RECEIVED TO DATE**

I, Lance Cavallo, declare and state as follows:

1.     I am a Vice President of Class Actions at Kurtzman Carson Consultants LLC ("KCC").  Pursuant to the Court's April 4, 2023 Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement ("Preliminary Approval Order") (ECF 122), the Court approved the retention of KCC as Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Action").[1]  I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated January 23, 2023 (the "Stipulation") (ECF 120-1).

**MAILING OF THE NOTICE AND CLAIM FORM**

2.      Pursuant to the Preliminary Approval Order, KCC is responsible for disseminating notice of the Settlement.  Specifically, KCC is responsible for mailing the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release ("Claim Form") (together, the "Notice Packet").  A copy of the Notice Packet is attached hereto as Exhibit A.

3.      In accordance with the Stipulation and Preliminary Approval Order, KCC received lists from the transfer agent of JA Solar Holdings Co., Ltd. ("JA Solar"), containing the names and addresses of 10 persons and entities who held and/or sold JA Solar American Depositary Shares ("ADS"), ordinary shares, and long position cash-settled equity swaps referencing JA Solar ADSs ("JA Solar Securities") during the period from November 20, 2017 through July 16, 2018, inclusive, and/or cancelled/tendered JA Solar Securities in exchange for the right to receive the consideration for JA Solar's take-private transaction (the "Merger") that closed on July 16, 2018.  On April 18, 2023, KCC disseminated the Notice Packet by first-class mail to the 10 potential Settlement Class Members contained on the lists.

4.      As in most class actions of this nature, a large majority of potential Settlement Class Members are beneficial owners whose securities are held in "street name" – *i.e.*, the securities were purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial owner.  KCC maintains a proprietary database with the names and addresses of the largest and most common U.S. banks, brokerage firms, and nominees, including national and regional

2

offices of certain nominees (the "Nominee Database"). KCC's Nominee Database is updated from time to time as new nominees are identified, and others merge or cease to exist. At the time of the initial mailing, the Nominee Database contained 279 mailing records. On April 18, 2023, KCC caused Notice Packets to be mailed to the 279 mailing records contained in KCC's Nominee Database.

5.     The Notice directed those who held and/or sold JA Solar Securities during the Class Period and/or tendered/cancelled JA Solar Securities in exchange for the consideration in the Merger that closed on July 16, 2018, for the beneficial interest of persons or entities other than themselves, to provide KCC with the names and addresses (and, if available, email addresses) of each of the beneficial owners. KCC then caused Notice Packets to be mailed promptly to the beneficial owners. Alternatively, nominees could request copies of the Notice Packet, in bulk, from KCC to promptly mail directly to the beneficial owners.

6.     KCC also provided a copy of the Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any broker or other nominee that participates in DTC's security settlement system. The Notice was posted on DTC's LENS on April 18, 2023.

7.     Following the initial mailing, through June 6, 2023, KCC has received an additional 6,038 unique names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Notice Packets be mailed to such persons or entities. Additionally, KCC has received requests from nominees for an additional 16,760 Notice Packets for forwarding directly to their customers. All such requests have

3

been responded to in a timely manner, and KCC will continue to disseminate Notice Packets upon receipt of any additional requests and/or upon receipt of updated addresses.

8.    As a result of the efforts described above, as of June 6, 2023, KCC has mailed a total of 23,087 Notice Packets to potential Settlement Class Members and nominees.

## PUBLICATION OF THE SUMMARY NOTICE

9.    Pursuant to the Preliminary Approval Order, KCC caused the Summary Notice to be published in *The Wall Street Journal* and transmitted over *PR Newswire* on May 2, 2023.  Attached hereto as Exhibit B are confirmations of such publication and transmittal.

## TELEPHONE HOTLINE

10.    KCC established and continues to maintain a toll-free telephone number (1-833-632-0286) for potential Settlement Class Members to call and obtain information about the Settlement, request a Notice Packet, and/or seek assistance from an operator during regular business hours.  The toll-free telephone number is set forth in the Notice, Claim Form, Summary Notice, and on the Settlement Website.

## SETTLEMENT WEBSITE

11.    To further assist potential Settlement Class Members, KCC, in coordination with Co-Lead Counsel, designed, implemented and currently maintains a website dedicated to the Settlement, www.JASolarSecuritiesSettlement.com (the "Settlement Website").  The address for the Settlement Website is set forth in the Notice,

Claim Form, and Summary Notice.  The Settlement Website became operational on April 18, 2023, and is accessible 24 hours a day, 7 days a week.

12. The Settlement Website lists the exclusion, objection, and claim submission deadlines, as well as the date and time of the Court's final Settlement Hearing and instructions for joining remotely.  In addition, the Settlement Website contains links to copies of the Stipulation, the Preliminary Approval Order, the Notice, and the Claim Form, all of which can be downloaded by potential Settlement Class Members.   The Settlement Website also enables potential Settlement Class Members to file a claim online and contains detailed instructions for entities that wish to submit claims electronically.  KCC will continue operating, maintaining and, as appropriate, updating the Settlement Website until the conclusion of the administration.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13. The Notice, Summary Notice, and Settlement Website inform potential Settlement Class Members that requests for exclusion from the Settlement Class must be addressed to *JA Solar Holdings Co., Ltd. Securities Settlement*, c/o KCC Class Action Services, EXCLUSIONS, P.O. Box 5100, Larkspur, CA, 94977-5100, such that they are received no later than June 22, 2023.  The Notice also sets forth the information that must be included in each request for exclusion.  As of June 6, 2023, KCC has received zero (0) requests for exclusion from the Settlement Class.   KCC will submit a supplemental declaration after the June 22, 2023 exclusion deadline, which will report on any exclusion requests received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Wantagh, New York on June 7, 2023.

Lance Cavallo

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>              vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>                              Defendants. | Case No.  1:18-cv-12083-ALC<br><br>CLASS ACTION |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Please be advised that your rights may be affected by the above-captioned securities class action (the "Litigation" or "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, you sold JA Solar Holdings Co., Ltd. ("JA Solar") ADS,[1] ordinary shares, or long position cash-settled equity swaps referencing JA Solar ADSs ("JA Solar Securities") during the period from November 20, 2017 through July 16, 2018, inclusive, (the "Class Period"), and/or cancelled or tendered your JA Solar Securities in exchange for the right to receive the consideration for JA Solar's take-private transaction (the "Merger") that closed on July 16, 2018, and were allegedly damaged thereby (the "Settlement Class").[2]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on July 13, 2023 at 11:00 a.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $21,000,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, compensatory awards to Co-Lead Plaintiffs and administrative expenses, and Taxes on interest, to former owners of JA Solar Securities who sold JA Solar Securities during the Class Period, and former owners of JA Solar Securities who cancelled or tendered those securities for the merger consideration in the Merger, and who submit eligible Claim Forms.

- Based on Co-Lead Plaintiffs' damages expert's estimate of approximately 26 million JA Solar ADSs (equivalent to approximately 130 million JA Solar ordinary shares) that may have been affected by the conduct alleged in the Litigation when they were tendered in the Merger (the "Tendered Shares"), and of approximately 60 million JA Solar ADSs (equivalent to approximately 298 million JA Solar ordinary shares) that may have been affected by the conduct alleged in the Litigation when they were sold during the Class Period (the "Seller Shares"), and assuming that all Settlement Class Members elect to participate in the Settlement and excluding amounts allocated to owners of long position cash-settled equity swaps referencing JA Solar ADSs, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is approximately $0.61 per ADS (and $0.12 per ordinary share) for the Tendered Shares and approximately $0.07 per ADS (and $0.01 per ordinary share) for the Seller Shares.[3]  Settlement Class Members should note, however, that the foregoing average recoveries per share are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, which JA Solar securities they sold or exchanged, when and at what prices they sold or exchanged their JA Solar securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-11 below) or such other plan of allocation as may be approved by the Court. Additionally, the Settlement does not provide any recovery for alleged losses in connection with any JA Solar Securities that were the subject of a valid dissent from the Merger or that were part of the appraisal actions filed in the Cayman Islands arising out of the Merger.

- To claim your share of the Settlement, you must submit a valid Claim Form by July 8, 2023.

---

[1]    "ADS" refers to American depositary shares, each representing five ordinary shares of JA Solar.

[2]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated January 23, 2023 (the "Stipulation"), which is available at www.JASolarSecuritiesSettlement.com.

[3]    An allegedly damaged JA Solar share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

1

- Attorneys for Co-Lead Plaintiffs ("Co-Lead Counsel") intend to ask the Court to award them and other Plaintiffs' Counsel fees of up to 33.4% of the Settlement Amount, plus interest, and payment of up to $500,000 in Litigation Expenses and compensatory awards to Co-Lead Plaintiffs, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Since the Litigation's inception, Co-Lead Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the Litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, Litigation Expenses and compensatory awards to Co-Lead Plaintiffs are estimated to average approximately $0.217 per ADS (and $0.043 per ordinary share) for the Tendered Shares and approximately $0.025 per ADS (and $0.005 per ordinary share) for the Seller Shares. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.393 per ADS (and $0.077 per ordinary share) for the Tendered Shares and approximately $0.045 per ADS (and $0.005 per ordinary share) for the Seller Shares. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate Recognized Losses of all eligible Settlement Class Members, the date(s) you sold JA Solar Securities or exchanged JA Solar Securities for the merger consideration, the sales price(s), and the total number and amount of claims filed.

- The Settlement resolves the Litigation and claims that JA Solar, Baofang Jin, and Shaohua Jia (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*:  (i) Defendants' intention to relist the Company on any other stock exchange after completion of the Merger; (ii) Defendants' intention to keep the Company private; (iii) the value of the Company's securities leading up to the Merger; (iv) the fairness of the consideration exchanged for securityholders' shares in the Merger; and (v) the likelihood of the Merger being completed based on the number of securityholders that dissented from the Merger. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Co-Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Co-Lead Plaintiffs or the Settlement Class have suffered damages or that Co-Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation. Defendants continue to believe the claims asserted against them in the Litigation are without merit.

- The Parties disagree on how much money, if any, could have been won if the investors prevailed at trial in the Litigation.

- For Co-Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to amend the Amended Complaint and successfully oppose a second motion to dismiss; prevail in the pending appeals; the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Defendants; prove the allegations; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a member of the Settlement Class, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before July 8, 2023**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before June 22, 2023**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before June 22, 2023**. |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before June 22, 2023**. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

| | or | |
|---|---|---|
| *JA Solar Holdings Co., Ltd. Securities Settlement*<br>c/o KCC Class Action Services<br>P.O. Box 301133<br>Los Angeles, CA 90030-1133<br>Telephone: (833) 632-0286<br>info@JASolarSecuritiesSettlement.com | | Jeremy A. Lieberman, Esq.<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com<br><br>and/or<br><br>Carol C. Villegas, Esq.<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (888) 219-6877<br>Email: settlementquestions@labaton.com |

**BASIC INFORMATION CONCERNING THE SETTLEMENT**

| 1. | **Why did I get this notice packet?** |
|---|---|

You or someone in your family may have sold securities of JA Solar Holdings Co., Ltd. ("JA Solar" or the "Company") during the period from November 20, 2017 through July 16, 2018, both dates inclusive (the Class Period) or exchanged JA Solar Securities for the merger consideration in the Merger. **RECEIPT OF THIS NOTICE PACKET DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | **What is this case about?** |
|---|---|

The Settlement resolves the case known as *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Litigation involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding: (i) Defendants' intention to relist the Company on any other stock exchange after completion of the Merger; (ii) Defendants' intention to keep the Company private; (iii) the value of the Company's securities leading up to the Merger; (iv) the fairness of the consideration exchanged for securityholders' securities in the Merger; and (v) the likelihood of the Merger being completed based on the number of securityholders that dissented from the Merger. The Consolidated Amended Class Action Complaint (the "Amended Complaint") alleges that the misstatements or omissions artificially depressed the price of JA Solar Securities in order to avoid paying a fair price to JA Solar securityholders during the Merger.

The Court did not finally decide in favor of Co-Lead Plaintiffs or Defendants and there has been no trial. Instead, both sides agreed to a settlement with the assistance of an experienced mediator.

Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Litigation. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Co-Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Litigation, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Co-Lead Plaintiffs and Defendants do not agree about the merits of Co-Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Co-Lead Plaintiffs were to prevail at trial on each claim. The issues on which Co-Lead Plaintiffs and the Defendants disagree include: (i) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities laws; (ii) whether Defendants had a duty to disclose the allegedly omitted information; (iii) whether the Defendants acted with scienter; (iv) whether Co-Lead Plaintiffs relied on the challenged statements (or whether they were required to have relied on those statements); (v) whether Defendants' alleged misstatements and omissions caused any damages to investors; and (vi) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Co-Lead Plaintiffs or Defendants. Instead, Co-Lead Plaintiffs and Defendants have agreed to settle the case. Co-Lead Plaintiffs and Co-Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Co-Lead Plaintiffs and Co-Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Co-Lead Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | **How do I know if I am part of the Settlement Class?** |
|---|---|

The Settlement Class includes all persons and entities who sold JA Solar Securities, and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, and all persons and entities whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration.

Check your investment records or contact your broker to see if you have any eligible securities.  The Parties do not independently have access to your trading information.

| 6. | **Are there exceptions to being included?** |
|---|---|

Yes. Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants and the directors and officers of JA Solar; (iii) any person who was an officer or director of JA Solar during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv), in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

Also, the Settlement does not provide any recovery for alleged losses in connection with any JA Solar Securities that were the subject of a valid dissent from the Merger or that were part of the appraisal actions filed in the Cayman Islands arising out of the Merger.

| 7. | **What if I am still not sure if I am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (833) 632-0286 or at info@JASolarSecuritiesSettlement.com or by visiting the Settlement website www.JASolarSecuritiesSettlement.com, or you can fill out and return the Claim Form enclosed with this Notice to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | **What does the Settlement provide?** |
|---|---|

The proposed Settlement provides for Defendants to pay, or cause the payment of, $21,000,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable Litigation Expenses to Plaintiffs' Counsel, and compensatory awards to Co-Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many JA Solar Securities you sold during the Class Period and/or exchanged for the Merger consideration, and the dates and prices of those sales and/or exchanges; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the sales and exchanges of JA Solar Securities represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, costs, and expenses and compensatory awards to Co-Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss" calculated pursuant to the Recognized Loss formula set forth in the Plan of Allocation approved by the Court. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be allocated to Settlement Class Members with valid claims. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the proposed Plan of Allocation at page 9-11 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your proportional share of the Recognized Losses of all Authorized Claimants.

5

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at www.JASolarSecuritiesSettlement.com or submitted online using the website claim portal. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received **no later than July 8, 2023**. The Claim Form may be submitted online at www.JASolarSecuritiesSettlement.com or mailed to:

*JA Solar Holdings Co., Ltd. Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301133
Los Angeles, CA 90030-1133
Telephone: (833) 632-0286
info@JASolarSecuritiesSettlement.com

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on July 13, 2023 at 11:00 a.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class by the June 22, 2023 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of your respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendant Parties any and all claims and causes of action of every nature and description, whether known or Unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Co-Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the holding, sale, or other disposition of JA Solar Securities during the Class Period or the cancellation or tender of JA Solar Securities in exchange for the right to receive the Merger consideration ("Released Plaintiffs' Claims"). Released Plaintiffs' Claims shall not include: (1) claims to enforce the Settlement or (2) any appraisal actions filed in the Cayman Islands related to the Merger. It also means that all of the Court's orders and the Judgment will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the sale or exchange of JA Solar Securities during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.JASolarSecuritiesSettlement.com.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class.  Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must mail a letter stating that you request to be "excluded from the Settlement Class in *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.)". To be valid, the letter must state (A) your name, address, telephone number, and email address (if any); and (B) the date(s), price(s), and number(s) of JA Solar Securities sold during the Class Period, as well as JA Solar Securities tendered or cancelled in exchange for the right to receive the Merger consideration. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each sale transaction of JA Solar Securities during the Class Period and/or each exchange of JA Solar Securities for the merger consideration in the Merger and (ii) demonstrating your status as a beneficial owner of the JA Solar Securities. Any request for exclusion must be signed and submitted by you, as the beneficial owner. You must submit your exclusion request so that it is **received no later than June 22, 2023 at**:

*JA Solar Holdings Co., Ltd. Securities Settlement*
c/o KCC Class Action Services
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

You cannot exclude yourself by telephone or by email. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **June 22, 2023.**

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

### THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and Labaton Sucharow LLP as Co-Lead Counsel to the Settlement Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Pomerantz LLP and Labaton Sucharow LLP is provided above.

| 17. | **How will the lawyers be paid?** |
|---|---|

Co-Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Co-Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they and other Plaintiffs' Counsel[4] will receive attorneys' fees and be paid for their Litigation Expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be paid for their Litigation Expenses except from the Settlement Fund. Therefore, Co-Lead Counsel will file a motion, on behalf of Plaintiffs' Counsel, prior to the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33.4% of the Settlement Fund, equaling $7,014,000 plus interest, plus payment of Litigation Expenses and compensatory awards to Co-Lead Plaintiffs of no more than $500,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

### OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

| 18. | **How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation?** |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Co-Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.). You must include (i) your name, address, telephone number, email, and your signature; (ii) the date(s), price(s), and number(s) of JA Solar Securities sold during the Class Period, as well as JA Solar Securities tendered or cancelled in exchange for the right to receive the Merger consideration, and documents showing your trading; and (iii) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention. If you are represented by counsel, you must also provide the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the

---

4    Plaintiffs' Counsel are Pomerantz LLP, Labaton Sucharow LLP, and the Law Office of Jo Ann Palchak, P.A.

objection; the number of times you and your counsel has filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to participate in the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

You must also mail or deliver copies of any objections, papers and briefs to **each** of the below such that they are **received no later than June 22, 2023:**

| **Clerk of the Court** | **Co-Lead Counsel** | **Counsel For Defendants** |
|---|---|---|
| United States District Court Southern District of New York Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Jeremy A. Lieberman, Esq. POMERANTZ LLP 600 Third Avenue, Floor 20 New York, NY 10016<br><br>Carol C. Villegas, Esq. LABATON SUCHAROW LLP 140 Broadway New York, NY 10005 | Robert A. Fumerton, Esq. SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP One Manhattan West New York, NY 10001 |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing remotely on July 13, 2023 at 11:00 a.m. To join, please contact the Court at 1-888-363-4749 and enter 3768660 for the access code.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Co-Lead Counsel for attorneys' fees and expenses and compensatory awards to Co-Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel or the Settlement website, www.JASolarSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 18 above) a statement that you "intend to appear in *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

### GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement dated January 23, 2023. The Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation, other documents related to the Settlement and the Fee and Expense Application, and obtain answers to common questions regarding the proposed Settlement by visiting www.JASolarSecuritiesSettlement.com or by contacting the Claims Administrator toll-free at (833) 632-0286.

| 25. | **How do I get more information about the case?** |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Litigation through the Court's online Case Management/Electronic Case Files System at https://www.pacer.gov.

### PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.    The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Co-Lead Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website www.JASolarSecuritiesSettlement.com.  Defendants had no role in the preparation of the Plan of Allocation.

2.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions that were at issue in this Action.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below.  A Recognized Loss Amount will be calculated for: (i) each JA Solar ADS[5] or ordinary share sold during the Class Period; (ii) each JA Solar ADS or ordinary share cancelled or tendered in exchange for the Merger consideration; and (iii) each long position cash-settled equity swap referencing JA Solar ADSs during the Class Period or the period thereafter in connection with the Merger,[6] which is listed in the Claim Form and for which adequate documentation is provided.[7]

3.    The Recognized Loss formula is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the

---

[5]    "ADS" refers to American depositary shares, each representing five ordinary shares of JA Solar.

[6]    Upon settlement of a typical cash-settled equity swap agreement, the long party receives from the short party an amount equal to the increase, if any, in the value of the referenced equity during the contract term, while the short party receives from the long party an amount equal to the decrease, if any, in the value of the referenced equity, plus interest accrued on the notional amount during the contract term at a specified rate.

[7]    Pursuant to the Stipulation, "JA Solar Securities" refers, collectively, to JA Solar ADS, ordinary shares, and long position cash-settled equity swaps referencing JA Solar ADSs.

Settlement. The Claims Administrator will determine a claimant's *pro rata* share of each Sub-Fund (described below) based on the claimant's total Recognized Loss within each Sub-Fund. A claimant's *pro rata* share of each Sub-Fund, if any, will be added together to determine the claimant's total distribution amount, if any. No distribution will be made to Authorized Claimants who would otherwise receive a distribution amount of less than $10.00.

4.      The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of JA Solar Securities was artificially deflated throughout the Class Period. Under Co-Lead Plaintiffs' theory of liability, investors who sold shares of JA Solar during the Class Period, or tendered shares of JA Solar in exchange for Merger consideration, suffered damages when they sold or exchanged their shares for an amount less than fair value. Co-Lead Plaintiffs allege that the fair value of JA Solar Securities was greater than what investors received based, in part, on the higher valuation JA Solar received shortly after the Merger. The Recognized Loss formula below is based, in part, on Co-Lead Plaintiffs' estimate of the fair value of the JA Solar shares during the Class Period.

5.      Notwithstanding any other term of this Plan of Allocation, the Recognized Loss Amount for any security upon which the claimant, or any affiliate thereof, sought appraisal or provided notice of a valid dissent from the Merger, shall be zero; and the Recognized Loss Amount for any security sold or tendered by any affiliate, subsidiary or parent of any Defendant shall be zero.

6.      **Allocation of Settlement Proceeds into Sub-Funds**: The Net Settlement Fund shall be allocated into the following four Sub-Funds based on the type of security for which a claim is filed (*i.e.*, a JA Solar ADS, a JA Solar ordinary share, or a long position cash-settled equity swap referencing JA Solar ADSs), and when the JA Solar Security was held during the Class Period, and whether the security was sold or cancelled/tendered in the Merger:

    i.    Settlement proceeds available for JA Solar ADSs and JA Solar ordinary shares held as of the opening of the U.S. financial markets on December 11, 2017 that were subsequently sold during the Class Period shall be limited to a total amount of up to **10%** of the Net Settlement Fund.

    ii.    Settlement proceeds available for all other JA Solar ADSs and JA Solar ordinary shares sold during the Class Period shall be limited to a total amount of up to **10%** of the Net Settlement Fund.

    iii.    Settlement proceeds available for JA Solar ADSs and JA Solar ordinary shares that were cancelled or tendered in exchange for Merger consideration shall be limited to a total amount of up to **75%** of the Net Settlement Fund.

    iv.    Settlement proceeds available for claims based on long position cash-settled equity swaps referencing JA Solar ADSs shall be limited to a total amount of up to **5%** of the Net Settlement Fund.

In the unlikely event that the Net Settlement Fund, allocated as set forth above, is sufficient to pay 100% of the Recognized Losses in one or more of the above Sub-Funds, any excess amount will be applied proportionally to pay the balance of the remaining Recognized Losses in the other Sub-Funds.

7.      In the calculations below, all sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. If a claimant's total Recognized Loss within a Sub-Fund is zero, they may still recover from a Sub-Fund where their total Recognized Loss is positive. Any transactions in JA Solar Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

### Per-Security Recognized Loss Amount Calculations

8.      Recognized Loss Amounts per security shall be calculated as: (i) Co-Lead Plaintiffs' estimate of the fair value of the JA Solar Security during the Class Period[8] minus (ii) the price at which the security was sold, tendered/cancelled, or closed (in the case of swaps). The following will apply:

    (a)    The fair value of JA Solar ADSs and long position cash-settled equity swaps referencing JA Solar ADSs during the Class Period shall be $23.25 per ADS. The fair value of JA Solar ordinary shares during the Class Period shall be $4.65 per ordinary share.

    (b)    For JA Solar ADSs and JA Solar ordinary shares sold from November 20, 2017 through July 16, 2018, inclusive, the price at which the security was sold shall be determined from the trading records submitted by the claimant.

    (c)    For ADSs tendered/cancelled in exchange for Merger consideration, the price at which the security was exchanged shall be $7.55 per ADS. For JA Solar ordinary shares

---

8      Co-Lead Plaintiffs' estimate of the fair value of JA Solar Securities during the Class Period is based on the difference between JA Solar's valuation in the Merger of approximately $360 million and the value attributed to it shortly after the Merger of $1.1 billion in press accounts of JA Solar's relisting plan. ECF No. 109-1, Amended Complaint ¶158. Defendants do not agree with Co-Lead Plaintiffs' estimate of the fair value of JA Solar Securities.

tendered/cancelled in exchange for Merger consideration, the price at which the security was exchanged shall be $1.51 per ordinary share.

(d)  For each long position cash-settled equity swap referencing a JA Solar ADS during the Class Period, the price at which the swap was sold or closed shall be determined as the closing price of JA Solar ADS on the date the swap was sold or closed per ADS, or if it was sold or closed on or after July 16, 2018, the price at which the swap was sold or closed shall be $7.55 per ADS.

### ADDITIONAL PROVISIONS APPLICABLE TO ALL CLAIMANTS

9.     The payment you receive will reflect your proportionate share of the Net Settlement Fund based upon your total Recognized Loss within each Sub-Fund.  Such payment will depend on the total number and amount of valid claims participating in the Settlement.  The number of claimants who send in claims varies widely from case to case.

10.    A purchase or sale of a JA Solar Security shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

11.    Where a transaction occurred on or after July 16, 2018, at a price of $7.55 per JA Solar ADS or $1.51 per JA Solar ordinary share, that transaction shall be deemed a "tender."  JA Solar ADSs or ordinary shares surrendered for ultimate receipt of the Merger consideration during the Class Period prior to the Merger shall be treated as JA Solar ADSs or ordinary shares tendered in exchange for the Merger consideration if a claimant's trading records indicate the share was exchanged, cancelled or tendered, otherwise such transaction shall be treated as a sale. Notwithstanding any of the above, the transfer of JA Solar Securities during the Class Period in exchange for the receipt of securities of any other corporation or entity shall not be deemed a sale of a JA Solar Security. If a Settlement Class Member acquired a JA Solar Security during the Class Period by way of gift, inheritance or operation of law, the claim will be computed by using the date and price of the original acquisition and not the date and price of transfer.

12.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against JA Solar Securities held as of the close of trading on November 17, 2017 (the last trading day before the Class Period begins) and then against the purchases of JA Solar Securities during the Class Period.

13.    Payment according to the Plan of Allocation will be deemed conclusive against all claimants. A claimant's Recognized Loss will be calculated as defined herein and cannot be less than zero.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all claimants within each Sub-Fund.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution amount of less than $10.00.

14.    The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.  Distributions will be made to Authorized Claimants after all timely claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Co-Lead Plaintiffs and approved by the Court.

15.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

16.    Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

17.    Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Co-Lead Plaintiffs and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

11

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, from November 20, 2017 through July 16, 2018, both dates inclusive, you held and/or sold JA Solar Securities (ADS, ordinary shares, and long position cash-settled equity swaps referencing JA Solar ADSs) and/or tendered/cancelled JA Solar Securities in exchange for the consideration in the Merger that closed on July 16, 2018 for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you held, sold and/or tendered/cancelled JA Solar Securities during such time period or (b) request additional copies of this Notice Packet, which will be provided to you free of charge, and within ten (10) calendar days mail the Notice Packet directly to the beneficial owners of the JA Solar Securities. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.10 per Notice Packet, plus postage at the current pre-sort rate used by the Claims Administrator, for Notice Packets mailed by nominees; or $0.10 per mailing record and email address provided to the Claims Administrator.  Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 6 above.

DATED: April 18, 2023                      BY ORDER OF THE UNITED STATES DISTRICT COURT
                                           FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>               vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>                         Defendants. | Case No.  1:18-cv-12083-ALC<br><br><u>CLASS ACTION</u> |

## <u>PROOF OF CLAIM AND RELEASE</u>

**A.  GENERAL INSTRUCTIONS**

1.        To recover as a member of the Settlement Class based on your claims in the class action entitled *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.) (the "Litigation"), you must complete and, on page 8 below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.        Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.        **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.JASOLARSECURITIESSETTLEMENT.COM NO LATER THAN JULY 8, 2023 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN JULY 8, 2023, ADDRESSED AS FOLLOWS**:

*JA Solar Holdings Co., Ltd. Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301133
Los Angeles, CA 90030-1133
www.JASolarSecuritiesSettlement.com

4.        If you are a member of the Settlement Class, and you do not timely request exclusion from the Settlement Class in response to the Notice dated April 18, 2023, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT. RECEIPT OF THIS CLAIM FORM DOES NOT MEAN YOU ARE A MEMBER OF THE SETTLEMENT CLASS.

**B.  CLAIMANT IDENTIFICATION**

1.        You are eligible to file a claim, or have a legal representative file a claim for you, if you are a member of the Settlement Class, which is: all Persons who sold JA Solar Securities,[1] and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, (the "Class Period") and all Persons whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants and the directors and officers of JA Solar; (iii) any person who was an officer or director of JA Solar during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv), in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court. Additionally, the Settlement does not provide any recovery for alleged losses in connection with any JA Solar Securities that were the subject of a valid dissent from the Merger or that were part of the appraisal actions filed in the Cayman Islands arising out of the Merger.

2.        If you held or sold JA Solar Securities in your name, you were the record owner as well as the beneficial owner.  However, if you held or sold JA Solar Securities through a third party, such as a brokerage firm, you were the beneficial owner and the third party was the record owner.

---

[1]      "JA Solar Securities" means JA Solar American Depositary Shares ("ADS") or ordinary shares and long position cash-settled equity swaps referencing JA Solar ADSs.

1

3.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of JA Solar Securities whose ownership forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S) OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S).    All joint owners must sign this claim.

4.      Executors, administrators, guardians, conservators, custodians, trustees, and legal representatives must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of the claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use **Part II** of this form entitled "Schedule of Transactions in JA Solar ADS" to supply all required details of your transaction(s) in JA Solar ADSs.  Use **Part III** of this form entitled "Schedule of Transactions in JA Solar Ordinary Shares" to supply all required details of your transaction(s) in JA Solar ordinary shares.  Use **Part IV** of this form entitled "Schedule of Transactions in JA Solar Long Position Swaps" to supply all required details of your long position cash-settled equity swaps referencing JA Solar ADSs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) your holdings of JA Solar Securities at the relevant times; and (ii) all of your purchases, sales, tenders/cancellations, closed positions in JA Solar Securities at the relevant times, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      Copies of broker confirmations or other documentation of your transactions in JA Solar Securities must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE CLAIMS ADMINISTRATOR DOES NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN JA SOLAR SECURITIES.**

NOTICE REGARDING ELECTRONIC FILING: Certain claimants with large numbers of transactions may request, either personally or through a legal representative ("Representative Filers"), to submit information regarding their transactions in electronic files.  This is different than submitting your claim online using the Settlement website.  All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (833) 632-0286 or info@JASolarSecuritiesSettlement.com to obtain the required electronic spreadsheet for reporting your transactions.  The Claims Administrator may also request that claimants with a large number of transactions file their claims electronically.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

2

Official Office Use Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*ODS Capital LLC v. JA Solar Holdings Co., Ltd.*

No. 18-cv-12083 (ALC) (S.D.N.Y.)

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than July 8, 2023**

# JSR

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ Individual   ○ Corporation   ○ IRA/401K   ○ Pension Plan   ○ Estate   ○ Trust   ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last 4 Digits of Social Security Number (for individuals)

or

Taxpayer Identification Number (for estates, trusts, corporations, etc.)

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II: SCHEDULE OF TRANSACTIONS IN JA SOLAR ADS**

**1. HOLDINGS AS OF CLOSE OF TRADING ON NOVEMBER 17, 2017.**
State the total number of JA Solar ADSs held as of the close of trading on November 17, 2017.  (Must be documented.)  If none, write "zero" or "0."

Proof Enclosed?  ○ Y   ○ N

**2. PURCHASES FROM AFTER THE CLOSE OF TRADING ON NOVEMBER 17, 2017 THROUGH JULY 16, 2018.**
Separately list each and every purchase of JA Solar ADS from after the close of trading on November 17, 2017 through and including the close of trading on July 16, 2018.  (Must be documented.)

PURCHASES

| | Date of Purchase (List Chronologically) | Number of ADSs Purchased | Purchase Price Per ADS | Total Purchase Price (Excluding taxes, interest, commissions, and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | | |
| 1. | / / | | $ | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ | $ . 00 | ○ Y ○ N |

**3. SALES FROM AFTER THE CLOSE OF TRADING ON NOVEMBER 17, 2017 THROUGH JULY 16, 2018.**
Separately list each and every sale of JA Solar ADS from after the close of trading on November 17, 2017 through and including the close of trading on July 16, 2018. (Must be documented.)   IF NONE, FILL HERE: ○

SALES

| | Date of Sale (List Chronologically) | Number of ADSs Sold | Sale Price Per ADS | Total Sales Price (Excluding taxes, interest, commissions, and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | | |
| 1. | / / | | $ | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ | $ . 00 | ○ Y ○ N |

**4. HELD AS OF THE CLOSE OF TRADING ON JULY 16, 2018 AND TENDERED/CANCELLED IN EXCHANGE FOR MERGER CONSIDERATION.** State the total number of JA Solar ADSs tendered/cancelled on or after July 16, 2018 in exchange for the Merger consideration. (Must be documented.)  If none, write "zero" or "0."

Proof Enclosed?  ○ Y   ○ N

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND FILL THIS CIRCLE:** ○



**PART III: SCHEDULE OF TRANSACTIONS IN JA SOLAR ORDINARY SHARES**

1. **HOLDINGS AS OF CLOSE OF TRADING ON NOVEMBER 17, 2017.**
State the total number of JA Solar ordinary shares held as of the close of trading on November 17, 2017.  (Must be documented.)  If none, write "zero" or "0."

Proof Enclosed?  ○ Y   ○ N

2. **PURCHASES FROM AFTER THE CLOSE OF TRADING ON NOVEMBER 17, 2017 THROUGH JULY 16, 2018.**
Separately list each and every purchase of JA Solar ordinary shares from after the close of trading on November 17, 2017 through and including the close of trading on July 16, 2018.  (Must be documented.)

**PURCHASES**

| | Date of Purchase (List Chronologically) | Number of Ordinary Shares Purchased | Purchase Price Per Share | Total Purchase Price (Excluding taxes, interest, commissions, and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | | |
| 1. | / / | | $ | $ .00 | ○ Y ○ N |
| 2. | / / | | $ | $ .00 | ○ Y ○ N |
| 3. | / / | | $ | $ .00 | ○ Y ○ N |
| 4. | / / | | $ | $ .00 | ○ Y ○ N |

3. **SALES FROM AFTER THE CLOSE OF TRADING ON NOVEMBER 17, 2017 THROUGH JULY 16, 2018.**
Separately list each and every sale of JA Solar ordinary shares from after the close of trading on November 17, 2017 through and including the close of trading on July 16, 2018. (Must be documented.)   IF NONE, FILL HERE: ○

**SALES**

| | Date of Sale (List Chronologically) | Number of Ordinary Shares Sold | Sale Price Per Share | Total Sales Price (Excluding taxes, interest, commissions, and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|---|
| | M M / D D / Y Y Y Y | | | | |
| 1. | / / | | $ | $ .00 | ○ Y ○ N |
| 2. | / / | | $ | $ .00 | ○ Y ○ N |
| 3. | / / | | $ | $ .00 | ○ Y ○ N |
| 4. | / / | | $ | $ .00 | ○ Y ○ N |

4. **HELD AS OF THE CLOSE OF TRADING ON JULY 16, 2018 AND TENDERED/CANCELLED IN EXCHANGE FOR MERGER CONSIDERATION.** State the total number of JA Solar ordinary shares tendered/cancelled on or after July 16, 2018 in exchange for the Merger consideration. (Must be documented.)  If none, write "zero" or "0."

Proof Enclosed?  ○ Y   ○ N

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND FILL THIS CIRCLE: ○



**PART IV. SCHEDULE OF TRANSACTIONS IN JA SOLAR LONG POSITION SWAPS**

1. **HOLDINGS AS OF CLOSE OF TRADING ON NOVEMBER 17, 2017.**
State the total number of long position cash-settled equity swaps referencing JA Solar ADSs held as of the close of trading on November 17, 2017.  If none, write "0" or "Zero."  (Must be documented.)

Proof Enclosed?
○ Y    ○ N

| Price Per ADS (Excluding taxes, commissions, interest, and fees) | Number of ADSs Covered by Long Position Swaps Held | Expiration Date of Swap |
|---|---|---|
| | | M M / D D / Y Y |
| 1.  $ . 00 | | / / |
| 2.  $ . 00 | | / / |
| 3.  $ . 00 | | / / |
| 4.  $ . 00 | | / / |

2. **PURCHASES FROM AFTER THE CLOSE OF TRADING ON NOVEMBER 17, 2017 THROUGH JULY 16, 2018.**
Separately list each and every purchase of long position cash-settled equity swaps referencing JA Solar ADSs from after the close of trading on November 17, 2017 through and including the close of trading on July 16, 2018.  (Must be documented.) (List chronologically.)

1. M M / D D / Y Y    $ ____    ____    $ ____ . 00
Date of Purchase          Price Per ADS       Number of ADS Covered       Total Purchase Price (excluding taxes,
                                              by Swaps Purchased          commissions, interest, and fees)
○ C  ○ X     M M / D D / Y Y       M M / D D / Y Y
Fill "C" if Closed.    Closing Date           Expiration Date of Swap
Fill "X" if Expired

2. M M / D D / Y Y    $ ____    ____    $ ____ . 00
Date of Purchase          Price Per ADS       Number of ADS Covered       Total Purchase Price (excluding taxes,
                                              by Swaps Purchased          commissions, interest, and fees)
○ C  ○ X     M M / D D / Y Y       M M / D D / Y Y
Fill "C" if Closed.    Closing Date           Expiration Date of Swap
Fill "X" if Expired

3. M M / D D / Y Y    $ ____    ____    $ ____ . 00
Date of Purchase          Price Per ADS       Number of ADS Covered       Total Purchase Price (excluding taxes,
                                              by Swaps Purchased          commissions, interest, and fees)
○ C  ○ X     M M / D D / Y Y       M M / D D / Y Y
Fill "C" if Closed.    Closing Date           Expiration Date of Swap
Fill "X" if Expired

4. M M / D D / Y Y    $ ____    ____    $ ____ . 00
Date of Purchase          Price Per ADS       Number of ADS Covered       Total Purchase Price (excluding taxes,
                                              by Swaps Purchased          commissions, interest, and fees)
○ C  ○ X     M M / D D / Y Y       M M / D D / Y Y
Fill "C" if Closed.    Closing Date           Expiration Date of Swap
Fill "X" if Expired



3. **SALES FROM AFTER THE CLOSE OF TRADING ON NOVEMBER 17, 2017 THROUGH JULY 16, 2018 AND THEREAFTER.**
Separately list each and every sale/disposition of the swaps listed in #2 above from after the close of trading on November 17, 2017 through any time thereafter. (Must be documented.) (List chronologically.)

1. MM / DD / YY    $ _____    _____    $ _____ . 00
   Date of Sale         Price Per ADS    Number of ADS Covered    Total Purchase Price (excluding taxes,
                                         by Swaps Sold            commissions, interest, and fees)

   ○ C  ○ X    MM / DD / YY
   Fill "C" if Closed.    Date Swap Position was Closed or Expired (whichever is earlier)
   Fill "X" if Expired

2. MM / DD / YY    $ _____    _____    $ _____ . 00
   Date of Sale         Price Per ADS    Number of ADS Covered    Total Purchase Price (excluding taxes,
                                         by Swaps Sold            commissions, interest, and fees)

   ○ C  ○ X    MM / DD / YY
   Fill "C" if Closed.    Date Swap Position was Closed or Expired (whichever is earlier)
   Fill "X" if Expired

3. MM / DD / YY    $ _____    _____    $ _____ . 00
   Date of Sale         Price Per ADS    Number of ADS Covered    Total Purchase Price (excluding taxes,
                                         by Swaps Sold            commissions, interest, and fees)

   ○ C  ○ X    MM / DD / YY
   Fill "C" if Closed.    Date Swap Position was Closed or Expired (whichever is earlier)
   Fill "X" if Expired

4. MM / DD / YY    $ _____    _____    $ _____ . 00
   Date of Sale         Price Per ADS    Number of ADS Covered    Total Purchase Price (excluding taxes,
                                         by Swaps Sold            commissions, interest, and fees)

   ○ C  ○ X    MM / DD / YY
   Fill "C" if Closed.    Date Swap Position was Closed or Expired (whichever is earlier)
   Fill "X" if Expired



**PART V – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

### YOU MUST READ AND SIGN THE RELEASE BELOW.
### FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

1.  I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement, dated January 23, 2023 (the "Stipulation"). I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other JA Solar securities) if requested to do so. I (We) have not submitted any other claim in the Action covering the same transactions in JA Solar Securities during the relevant periods and know of no other person having done so on my (our) behalf.

2.  I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined above, and that I am (we are) not excluded from the Settlement Class.

3.  I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and all of the Released Defendant Parties, both as defined in the Stipulation. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

4.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.  I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in JA Solar Securities which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

6.  I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

Executed this_____ day of _____ in _____
                                          (Month/Year)                          (City/State/Country)

_____     _____
(Signature of Claimant)                                           (Signature of Joint Claimant, if any)

_____     _____
(Print Name of Claimant)                                      (Print Name of Joint Claimant, if any)

_____     _____
(Capacity of person(s) signing, *e.g.*,                          (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
### THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and acknowledgment.
2.  If this claim is being made on behalf of Joint Claimants, then both must sign.
3.  Remember to attach copies of supporting documentation, if available.
4.  **Do not send** originals of certificates.
5.  Keep a copy of your Claim Form and all supporting documentation for your records.

6.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7.  If you move, please send your new address to the address below.
8.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN JULY 8, 2023, ADDRESSED AS FOLLOWS:**

*JA Solar Holdings Co., Ltd. Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301133
Los Angeles, CA 90030-1133
www.JASolarSecuritiesSettlement.com
(833) 632-0286



# Exhibit B

**ADVERTISEMENT**

# The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

---

## CLASS ACTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ODS CAPITAL LLC, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

vs.

JA SOLAR HOLDINGS CO., LTD.,
BAOFANG JIN, and SHAOHUA JIA,

Defendants.

Case No. 1:18-cv-12083-ALC

CLASS ACTION

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: All Persons who sold JA Solar Holdings Co., Ltd. ADS, ordinary shares and/or long position cash-settled equity swaps referencing JA Solar ADSs ("JA Solar Securities"), and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, (the "Class Period") and/or all Persons whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Co-Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and JA Solar, Baofang Jin and Shaohua Jia (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $21 million (the "Settlement").

A hearing will be held before the Honorable Andrew L. Carter, Jr., remotely on July 13, 2023, at 11:00 a.m. (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated January 23, 2023; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. To join, please contact the Court at 1-888-363-4749 and enter 3768660 for the access code. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www.JASolarSecuritiesSettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting www.JASolarSecuritiesSettlement.com or by contacting the Claims Administrator at:

JA Solar Holdings Co., Ltd. Securities Settlement
c/o KCC Class Action Services
P.O. Box 301133
Los Angeles, CA 90030-1133
info@JASolarSecuritiesSettlement.com
(833) 632-0286

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

LABATON SUCHAROW LLP
Carol C. Villegas, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

POMERANTZ LLP
Jeremy A. Lieberman, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016
www.pomlaw.com
(212) 661-1100

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than July 8, 2023*. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than June 22, 2023*. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than June 22, 2023*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: May 2, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUISIANA SHERIFFS' PENSION &
RELIEF FUND, Individually and on Behalf of
All Others Similarly Situated,

Plaintiff,

vs.

CARDINAL HEALTH, INC., et al.,

Defendants.

No. 2:19-cv-03347

CLASS ACTION

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth A. Preston Deavers

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH, INC. ("CARDINAL HEALTH" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS").**

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU ARE HEREBY NOTIFIED that a hearing will be held on September 11, 2023, at 2:00 p.m., before Judge Edmund A. Sargus, Jr., at the United States District Court, Southern District of Ohio, in Courtroom 311 of the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $109,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) for purposes of the proposed Settlement only, the Litigation should be certified as a class action on behalf of the Settlement Class; (3) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiff reimbursement of its time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class, and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear remotely at the hearing, without further written notice to the Settlement Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CardinalHealthSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CardinalHealthSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED CARDINAL HEALTH COMMON STOCK BETWEEN MARCH 2, 2015 AND MAY 2, 2018, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than July 24, 2023)** or electronically **(no later than July 24, 2023)**. Your failure to submit your Proof of Claim by July 24, 2023 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased or otherwise acquired Cardinal Health common stock between March 2, 2015 and May 2, 2018, inclusive, and do not validly and timely request exclusion from the Settlement Class in accordance with the requirements set by the Court, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), and other Settlement documents, may be accessed online at www.CardinalHealthSecuritiesSettlement.com, or by writing to:

Cardinal Health Securities Settlement
Claims Administrator
c/o Gilard & Co. LLC
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS *RECEIVED* **by AUGUST 21, 2023,** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $109,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $850,000 AND AN AWARD TO LEAD PLAINTIFF NOT TO EXCEED $35,000 IN CONNECTION WITH ITS REPRESENTATION OF THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SO THAT THEY ARE *RECEIVED* **by AUGUST 21, 2023,** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: APRIL 4, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

[1] The Stipulation can be viewed and/or obtained at www.CardinalHealthSecuritiesSettlement.com.

---

## NOTICE OF SALE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
In re: PURDUE PHARMA ) Chapter 11
L.P., *et al.*, ) Case No. 19-23649 (SHL)
Debtors.[1] ) (Jointly Administered)

**NOTICE OF SALE, BIDDING PROCEDURES, AUCTION, AND SALE HEARING**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") on September 15, 2019.

**PLEASE TAKE FURTHER NOTICE** that, on April 4, 2023 in connection with the proposed sale (the "**Sale Transaction**") of substantially all of the assets of the Debtors' consumer health business, which is currently conducted by Avrio Health L.P. (collectively, and as further defined in the Stalking Horse Agreement, the "**Avrio Assets**") to Atlantis Consumer Healthcare Inc. (the "**Stalking Horse Bidder**") or any other successful bidder (a "**Successful Bidder**") subject to an auction process (the "**Auction**"), if any, for the Avrio Assets, the Debtors filed a motion (the "**Bidding Procedures Motion**")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the Sale Transaction and the Auction (the "**Bidding Procedures**"), (b) payment of the Bid Protections to the Stalking Horse Bidder in accordance with the terms and conditions set forth in the Stalking Horse Agreement, (c) the form and manner of notice related to the Sale Transaction, and (d) procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction.

**PLEASE TAKE FURTHER NOTICE** that, on April 28, 2023, the Court entered an order (the "**Bidding Procedures Order**") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the Sale Transaction and the Auction, and the Debtors' entry into the Stalking Horse Agreement. All parties interested in bidding should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

**Contact Persons for Parties Interest in Submitting a Bid.** The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interested in making an offer to purchase the Avrio Assets should comply with the Bidding Procedures. Only Qualified Bids will be considered by the Debtors, in accordance with the Bidding Procedures.

Any interested bidder should contact, as soon as practicable:
PJT PARTNERS LP.[4]
280 Park Ave Ste 16, New York, NY 10017, Attn.: Jamie O'Connell (oconnell@pjtpartners.com, 212-364-5677) Rafael Schnitzler (schnitzler@pjtpartners.com, 212-364-3881) Thomas Melvin (melvin@pjtpartners.com, 212-364-7948)

**Obtaining Additional Information.** Copies of the Bidding Procedures Motion and the Bidding Procedures Order, as well as all related exhibits (including the Stalking Horse Agreement and the Bidding Procedures) and all other documents filed with the Court, are available free of charge on the Debtors' Case Information Website, located at https://restructuring.ra.kroll.com/purduepharma/ or can be requested by email at purduepharmateam@ra.kroll.com.

**Important Dates and Deadlines[4]**

1. **Potential Bidder Deadline.** The deadline for interested parties to furnish information to PJT to be considered a Potential Bidder in accordance with the Bidding Procedures is **May 2, 2023 at 5:00 p.m. (prevailing Eastern Time).**

2. **Bid Deadline.** The deadline to submit a Qualified Bid is **May 15, 2023 at 5:00 p.m. (prevailing Eastern Time).**

3. **Auction.** In the event that the Debtors timely receive more than one Qualified Bid for Avrio Assets in addition to the Stalking Horse Bid, and subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction for the Avrio Assets. The Auction, if one is held, will commence on **May 17, 2023 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001.

4. **Auction and Sale Objections Deadline.** The deadline to file an objection with the Court to the Sale Order, the conduct of the Auction, or the Sale Transaction (including objections relating to the Stalking Horse Bidder) (collectively, the "**Sale Objections**") is **May 19, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**").

5. **Sale Hearing.** A hearing (the "**Sale Hearing**") to consider the proposed Sale Transaction will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on **May 23, 2023 at 11:00 a.m. (prevailing Eastern Time)** or such other date as determined by the Court. Pursuant to **General Order M-543**, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted via Zoom for Government® so

long as General Order M-543 is in effect or unless otherwise ordered by the Court. Parties wishing to appear at, or attend, a hearing conducted via Zoom for Government® videoconference are required to register their appearance by 4:00 p.m. (prevailing Eastern Time) the day before such hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

6. **Filing Objections.** Sale Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (d) be filed with the Court no later than the Sale Objection Deadline, and (e) no later than the Sale Objection Deadline, be served on: (1) counsel for the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Eli J. Vonnegut, Christopher S. Robertson, and Dylan A. Consla, and (B) Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, Attn: Marie L. Gibson and A. Caroline M. Frizzo; (2) counsel to the Consultation Parties, consisting of (i) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, Bank of America Tower, One Bryant Park, New York, New York 10036, Attn: Arik Preis and Sara L. Brauner; (ii) counsel to the Ad Hoc Committee, Kramer Levin Naftalis & Frankel LLP, 1177 6th Ave, New York, NY 10036, Attn: Kenneth H. Eckstein; and (iii) counsel for the MSGE Group; Caplin & Drysdale, Chartered, 1 Thomas Cir NW # 1100, Washington, DC 20005, Attn: Kevin Maclay; (3) counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Ave, New York, New York 10022, Attn: Christopher Marcus, P.C., Constantine N. Skarvelis, P.C., and Jordan E. Elkin; and (4) the U.S. Trustee

**CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION.** Any party or entity who fails to timely make an objection to the Sale Transaction on or before the Sale Objection Deadline in accordance with the Bidding Procedures Order and this Notice shall be forever barred from asserting any objection to the Sale Transaction, including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances, and other interests.

**NO SUCCESSOR LIABILITY.** The Debtors are pharmaceutical companies that manufacture, sell, or distribute, among other products, extended-release, long-acting, abuse-deterrent opioid pain medications. Additional information regarding the Debtors and the events leading up to the Petition Date can be found in the Debtors' Informational Brief filed on September 16, 2019 [D.I. 17]. The proposed Sale Transaction pertains to the assets of Avrio Health L.P., the Debtors' consumer health business, which has not and does not manufacture, sell, or distribute opioid pain medications and related products. The assets sold in the Sale Transaction will be free and clear of, among other things, any claim arising from any conduct of the Debtors prior to the closing of the Sale Transaction, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the Sale Transaction. Accordingly, as a result of the Sale Transaction, the Successful Bidder will not be a successor to any of the Debtors by reason of any theory of law or equity, and the Successful Bidder will have no liability, except as expressly provided a definitive agreement reached between the Debtors and the Successful Bidder, for any liens, claims, encumbrances, and other interests against or in any of the Debtors under any theory of law, including successor liability theories.

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion, the Bidding Procedures Order, or the Bidding Procedures, as applicable.

[3] To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.

[4] PJT Partners LP., in its capacity as investment banker to the Debtors, is referred to herein as "PJT."

The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

---

## ANNOUNCEMENTS

### Gain an Edge in Marketing
Stand Out from the Competition with a Book: **Your Book.** We Write & Publish It. Reach New Clients. Be Recognized as an Authority in Your Industry. Affordable, Unique Marketing.
BizSuccessBooks.com
(904) 293-9893 ˚ Since 1999

## BUSINESS OPPORTUNITIES

### FOR SALE
**Integrated Software Platform Sales and Service Business**
30 year history
1.25m total revenue,
Owner retiring,
Dallas Area
KlayCPA@msn.com | 214-803-3355

## DEA

**LEGAL NOTICE**
The U.S. Dept. of Justice, Drug Enforcement Administration (DEA) New York gives notice that the property listed below has been abandoned to the custody of the United States and has remained unclaimed. The property shall be held for 30 days from the date of initial publication of notice. Upon expiration of this 30 day period title to the property will vest in the United States. Any person desiring to claim this property must file with the DEA within 30 days. Claims may be filed at the following address: DEA New York Division, 99 Tenth Ave., NY, NY 10011. Attn: TFO Oscar Rivas. **Last date to file: 6/1/2023.** Group: T-32, Case: CT-17-0065, Asset I.D.: 17-DEA-633354, Property: $7,000.00 USC, Place Seized: Bronx, New York, Owner: Edan Miguel Bueno-Diaz, Date of Custody: 07/28/2017.



THE WALL STREET JOURNAL.
NOTABLE COMMERCIAL PROPERTIES
EVERY WEDNESDAY
(800) 366-3975
sales.realestate@wsj.com
For more information visit:
wsj.com/classifieds
© 2023 Dow Jones & Company, Inc.
All Rights Reserved.



# THE WALL STREET JOURNAL.

# THE MARKETPLACE

## ADVERTISE TODAY

### (800) 366-3975
For more information visit:
**wsj.com/classifieds**

© 2023 Dow Jones & Company, Inc. All Rights Reserved.    DJ | DOW JONES

# Labaton Sucharow LLP and Pomerantz LLP Announce Proposed Settlement in the JA Solar Securities Litigation

NEWS PROVIDED BY
**Labaton Sucharow LLP and Pomerantz LLP →**
May 02, 2023, 08:00 ET

NEW YORK, May 2, 2023 /PRNewswire/ -- The following statement is being issued by Pomerantz LLP and Labaton Sucharow LLP regarding the JA Solar Securities Litigation:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>    vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>                          Defendants. | Case No. 1:18-cv-12083-ALC<br><br>CLASS ACTION |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All Persons who sold JA Solar Holdings Co., Ltd. ADS, ordinary shares and/or long position cash-settled equity swaps referencing JA Solar ADSs ("JA Solar Securities"), and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the**

**effective date of the Merger), inclusive, (the "Class Period") and/or all Persons whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration ("Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Co-Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, and JA Solar, Baofang Jin and Shaohua Jia (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $21 million (the "Settlement").

A hearing will be held before the Honorable Andrew L. Carter, Jr., remotely on July 13, 2023, at 11:00 a.m. (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated January 23, 2023; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application. To join, please contact the Court at 1-888-363-4749 and enter 3768660 for the access code. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www.JASolarSecuritiesSettlement.com. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting www.JASolarSecuritiesSettlement.com or by contacting the Claims Administrator at:

*JA Solar Holdings Co., Ltd. Securities Settlement*

c/o KCC Class Action Services

P.O. Box 301133

Los Angeles, CA 90030-1133

info@JASolarSecuritiesSettlement.com

(833) 632-0286

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

**LABATON SUCHAROW LLP**

Carol C. Villegas, Esq.

140 Broadway

New York, NY 10005

www.labaton.com

settlementquestions@labaton.com

(888) 219-6877

**POMERANTZ LLP**

Jeremy A. Lieberman, Esq.

600 Third Avenue, 20th Floor

New York, NY 10016

www.pomlaw.com

(212) 661-1100

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than July 8, 2023***.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than June 22, 2023***.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are **received no later than June 22, 2023**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: May 2, 2023          BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Media Contact:

Pomerantz LLP, Jeremy A. Lieberman, Esq., (212) 661-1100 and Labaton Sucharow LLP, Janel C. Laughlin, (888) 219-6877

SOURCE Labaton Sucharow LLP and Pomerantz LLP