UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>Defendants. | Case No. 1:18-cv-12083-ALC<br><br><u>CLASS ACTION</u> |

**ORDER AWARDING ATTORNEYS' FEES**
<u>**AND LITIGATION EXPENSES**</u>

WHEREAS, this matter came on for hearing on July 13, 2023 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, including awards to Co-Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of January 23, 2023 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Co-Lead Counsel's request for attorneys' fees and Litigation Expenses.

5. Co-Lead Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $4,200,000, plus interest at the same rate earned by the Settlement Fund and $178,970.61 in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $21,000,000 in cash that has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

(b) The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Co-Lead Plaintiffs, sophisticated investors that oversaw the prosecution and resolution of the Action;

(c) 23,564 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 33.4% of the Settlement Amount, plus interest, and Litigation Expenses in an amount not to exceed $500,000;

(d) The Action raised a number of complex issues concerning falsity, reliance and scienter with respect to the Amended Complaint and efforts surrounding the proposed second amended complaint, as well as complicated issues with respect to loss causation;

(e) Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Co-Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f) Co-Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g) The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards made within this District;

      (h)    Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

      (i)    Co-Lead Counsel expended more than 3,710 hours, with a lodestar value of $2,627,135.50, to achieve the Settlement.

7.    Co-Lead Plaintiff ODS Capital LLC is hereby awarded $60,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8.    Co-Lead Plaintiff Altimeo Asset Management is hereby awarded $60,000 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

9.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.    Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: __July 13_____, 2023

_____
Honorable Andrew L. Carter, Jr.
UNITED STATES DISTRICT JUDGE

5